[Civ. No. 27336.   Second Dist., Div. Two.   Mar. 3, 1964.]

JOSEPH SAUER et al., Plaintiffs and Appellants, v. GENERAL INSURANCE COMPANY OF AMERICA, Defendant and Respondent.

Jerome W. Shepard for Plaintiffs and Appellants.

Bolton, Groff & Dunne and Gene E. Groff for Defendant and Respondent.

KINCAID, J. pro tem.*—Plaintiffs appeal from a judgment in favor of defendant insurance company following a trial. Plaintiffs by their complaint herein seek declaratory relief based upon an insurance policy issued by defendant on May 26, 1959, denominated "Homeowners Policy" covering their residential premises.

They allege that about April 10, 1961, while the policy was in effect, their residence sustained substantial damage to the foundation, walls, floors and other portions of the building in that the foundation cracked and settled, the walls and ceilings cracked, the floors and doors warped and there was a general settling, twisting and warping of the house. That about May 1, 1961, they discovered that one of the pressure water pipes underneath the dwelling but above ground had accidentally sprung a leak during the policy period, and had been discharging water into the ground for some time, causing an area of earth beneath the house to become soaked and muddy which, in turn, caused the foundation piers of the residence to settle, resulting in the described twisting, warping and cracking. That immediately upon discovery they notified defendant and furnished proof of loss and performed all conditions of the policy required of them. That on May 17, 1961, defendant advised plaintiffs in writing of rejection of their claim on the ground that the damage they had sustained was not covered by the said Homeowners Policy.

Plaintiffs further allege that said policy does provide insurance coverage for the damage so sustained by them in that, among other things, it provides: "SECTION IX. PERILS INSURED AGAINST . . . This policy insures against all direct loss to the property covered caused by: ... 15. Accidental discharge, leakage or overflow of water or steam from within a plumbing, heating, or air conditioning system or domestic appliance, as well as the cost of tearing out and replacing any part of the building (a) covered required to effect repairs to the system or appliance from which the water or steam escapes. (A, C, D, E, G, K)."

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

Defendant, while admitting that plaintiffs' building settled and that the damages alleged resulted from such settling, denies that its policy of insurance covers such damage. By way of affirmative defenses, defendant alleges three claimed exclusionary clauses in said policy which it contends exclude it from liability to plaintiffs herein. They are first: "4. *Earth Movement Exclusion*: This policy does not insure against loss caused by, resulting from, contributed to, or aggravated by any earth movement, including but not limited to earthquake, landslide, mudflow, earth sinking, rising or shifting, unless loss by fire or explosion ensued, and this company shall then be liable only for such ensuing loss. ..." Second: "3. *Water Exclusion*: ... This policy does not insure against loss caused by, resulting from, contributed to, or aggravated by any of the following: ... (c) Water below the surface of the ground. ..." Third: "5. *Settling and Cracking Exclusion*: This policy does not insure against loss by settling, cracking, bulging, shrinkage or expansion of walls, floors, ceilings, roofs, foundations, sidewalks, driveways or pavements."

The trial court found the allegations of the complaint generally true and that during the policy period an accidental discharge or leakage of water from a part of the plumbing system of said house occurred, spraying a substantial quantity of water upon the ground beneath the house, causing a portion of the earth to sink and some foundation piers to settle from beams beneath a part of such dwelling. That plaintiffs' house was extensively damaged as a result of such settling and that such damage was contributed to and aggravated by the sinking of a portion of the earth beneath the building due to the water which escaped from a portion of its plumbing system.

As conclusions of law the court found, in effect, that while the claimed exclusionary clauses numbered "3." and "5." as set out in the defendant's second and third affirmative defenses did not apply to the facts and circumstances here shown, the terms of clause "4." as alleged in the first defense expressly exclude the loss suffered by plaintiffs. That while the loss claimed was not caused by or resulting from the settling of the ground, such loss was contributed to and aggravated by the earth sinking following the water leak.

Plaintiffs argue that the severe damage occurring to their home in the short space of several months in 1961, after the policy had been in effect some two years, demonstrates it was

not the result of "earth movement," "earth sinking," or "settling of foundations" or of "water below the surface of the ground" within the exclusionary terms in their policy. They correctly contend that the uncontroverted evidence clearly shows that defendant is liable within the terms of its policy because the accidental leakage and discharge of water upon and into the ground from within the plumbing system of their house was the efficient proximate cause of their loss rather than settling or sinking of the earth.

The facts of the within case are somewhat parallel to those of *Sabella* v. *Wisler*, 59 Cal.2d 21 [27 Cal.Rptr. 689, 377 P.2d 889]. There, after some three and a half years of occupancy, the owner discovered that a leaking sewer outlet infiltrated the earth near and below the foundation whereby the foundations and walls cracked, the floors became uneven and the doors and windows were adversely affected. Defendant had previously issued to the owner plaintiffs a policy of insurance containing an all physical loss building endorsement by which the company agreed to insure the house "against all risks of physical loss except as hereinafter excluded." (P. 26.) Under the subdivision "Exclusions," it was stated: "This endorsement does not insure against loss ... by ... settling, cracking, shrinkage, or expansion of pavements, foundations, walls, floors, or ceilings; unless loss by ... collapse of buildings ensues. . . ."

The Supreme Court held the insurance company to be liable for the loss sustained by the Sabellas because the rupture of the sewer line, rather than settling, was the efficient proximate cause of the loss. The court went on to say (p. 33): "But section 532 must be read in conjunction with related section 530 of the Insurance Code [citation], and section 530 provides that 'An insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause.' It is thus apparent that if section 532 were construed in the manner contended for by defendant insurer, where an excepted peril operated to any extent in the chain of causation so that the resulting harm would not have occurred 'but for' the excepted peril's operation, the insurer would be exempt even though an insured peril was the proximate cause of the loss. Such a result would be directly contrary to the provision in section 530, in accordance with the general rule, for liability of the insurer

where the peril insured against proximately resulted in the loss. (See 6 Couch, Insurance (1930) § 1464.)'' ██ The court further stated (pp. 31 and 32): ''As stated in 6 Couch, Insurance (1930) § 1466, '[I]n determining whether a loss is within an exception in a policy, where there is a concurrence of different causes, the efficient cause—the one that sets others in motion—is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster.' The virtual absence of subsidence damage in the prior four years of the existence of the house here in question clearly indicates that the broken pipe was the predominating or moving efficient cause of the loss. (See 6 Couch, Insurance (1930) § 1462, p. 5298.)

''While defendant National Union contends that the trial court made a finding of fact 'that the proximate cause of said loss was settling,' the above finding was made as a part of the following conclusion of law: 'That the cause of loss and damage to plaintiffs' dwelling is excluded by the terms of the policy of insurance issued by defendant National, in that the proximate cause of said loss was settling.' But the latter conclusion by the trial court concerning the proximate cause of the loss is not binding upon this court on the instant judgment roll appeal, since where the facts on appeal are settled or not in dispute, the determination of proximate cause becomes a question of law. [Citations.]''

In our instant case the trial judge on substantially uncontroverted evidence arrived at his findings of fact and as a conclusion of law found that the loss suffered by plaintiffs is expressly excluded by the terms of the insurance policy. The judgment that plaintiffs take nothing because said policy does not insure against said loss followed. ██ As pointed out in *Sabella*, the conclusion herein that the loss suffered by plaintiffs was contributed to and aggravated by the sinking of a portion of the earth beneath the building following the water leak and, therefore, falls within the exclusionary provision of number ''4'' of the policy is not binding upon this court, since where the facts on appeal are as here settled or not in dispute, the determination of proximate cause becomes a question of law.

██ We conclude, therefore, that as a matter of law, the exclusionary provisions of defendant's insurance policy do not apply to the loss found to have been sustained by plain-

tiffs herein, and they are entitled to a judgment for such damages as proximately resulted to them therefrom.

The judgment is reversed and the cause remanded for a new trial as to defendant's liability in accordance with the views herein expressed.

Herndon, Acting P. J., and Roth, J., concurred.