[No. A021020. First Dist., Div. Three. July 29, 1985.]

FARMERS INSURANCE EXCHANGE et al.,
Plaintiffs and Appellants, v.
LUEVERDA ADAMS et al., Defendants and Respondents.

COUNSEL

John B. Hook, Marsha L. Morrow, Michael P. McKisson and Long & Levit for Plaintiffs and Appellants.

David W. Rudy, Kathryn Luke, Feeney, Sparks & Rudy, Perry D. Litchfield and Costamagna, Ceccotti & Litchfield for Defendants and Respondents.

OPINION

MERRILL, J.—The appellants in this action, Farmers Insurance Exchange, Fire Insurance Exchange, Truck Insurance Exchange and Mid-Century Insurance Company (Farmers) filed a complaint for declaratory relief in Marin County against over 300 named defendants (Insureds) and 5,000 Doe defendants. The complaint was later amended to name further defend-

ants. Two demurrers and motions to dismiss were filed by Insureds; one by Christopher and Judith Bryant and one by Richard J. and Patricia Daly. The trial court sustained the demurrers without leave to amend and dismissed the amended complaint.[1] Judgment was entered accordingly. This appeal followed.

I

In our review of the judgment entered pursuant to the order sustaining the general demurrer, we must accept the material facts alleged in the complaint as true. (*Shaeffer* v. *State of California* (1970) 3 Cal.App.3d 348, 355 [83 Cal.Rptr. 347].) The following are the material facts set forth in Farmers' amended complaint.

Northern California experienced a heavy storm in early January of 1982. Many homeowners experienced damage to their real and/or personal property because of subsurface and ground water and earth movement conditions.

Each of the more than 300 named defendants were insured at the time of the storm by one of six types of Farmers' homeowners policies. These policies are "all risk" policies which enumerate various exclusions from coverage, including "losses caused by, resulting from, contributed to, aggravated by, or caused indirectly or directly by any earth movement, water damage, or enforcement of ordinance or law." Each of the named Insureds has reported damage to property arising out of conditions created by the January storm, and has submitted a claim under one of the policies issued by Farmers. Insureds reside in communities throughout Northern California from Yuba City to Moss Beach. Farmers denied the claims on the ground that the "efficient proximate cause" of Insureds' losses are excluded perils. The Insureds, on the other hand, contend that included risks were contributing causes of their losses giving rise to coverage under their policies.

By their amended complaint, Farmers sought the following declaration: "[T]hat because of the exclusions and exceptions set forth in the various

---

[1]The trial court's order provides as follows: "1. The amended complaint fails to state a cause of action, because the loss sustained by the various defendant insureds will have to be individually analyzed as to causation (proximate, concurrent and/or efficient); that if there are multiple concurrent proximate causes, including efficient, of said loss one or more for which there is coverage under plaintiffs' policy and one or more for which there is an exclusion of coverage, there will be liability of plaintiffs under said insurance policy (State Farm vs. Partridge, 10 C (3) 94; Safeco vs. Guyton, No. 79-3359-Ninth Circuit Court of Appeal [*sic*]; Hughes vs. Potomac Insurance, 199 CA (2) 239; Brooks vs. Metropolitan Insurance, 27 C (2) 305; Arata vs. California-Western, 50 CA (3) 821). [¶] 2. The amended complaint to [*sic*] fails to state a cause of action by reason of misjoinder of the various defendant insureds for the reasons noted in Paragraph 1 above (Section 379 and Section 430.10 (d) C.C.P.) [¶] 3. The amended complaint is dismissed pursuant to Section 1061 C.C.P. for the reasons noted in Paragraphs 1 and 2 above, and the general demurrers are sustained without leave to amend for the same reasons."

property insurance policies issued by plaintiffs to defendants, that said policies do not provide coverage for damage or losses arising out of the January storm because the efficient proximate cause of the damage or loss claimed was an excluded cause, notwithstanding that one or more intermediate causes may have contributed to the loss or damage.''

## II

■ This appeal presents the question of whether under the factual situation of the case at bench the "efficient proximate cause" analysis, propounded in *Sabella* v. *Wisler* (1963) 59 Cal.2d 21 [27 Cal.Rptr. 689, 377 P.2d 889], is necessarily the only analysis to be utilized in determining an insurer's liability for loss under an all-risk homeowner's policy. We hold that it is not.

California courts have applied an "efficient proximate cause" analysis in determining coverage under insurance policies which contain clauses excluding certain risks or perils. It has been adhered to most often in finding that coverage did exist. The basis of these decisions is that where there is one cause which sets other causes in motion, there is coverage for the loss if the cause which set the others in motion is an included risk under the terms of the policy. This is so even though there might be an excluded risk which also contributed to the loss or damage. (*Sabella* v. *Wisler, supra,* 59 Cal.2d at pp. 31-32; *Brooks* v. *Metropolitan Life Ins. Co.* (1945) 27 Cal.2d 305, 309-310 [163 P.2d 689].) Our courts have also applied "a concurrent proximate cause" analysis. The import of these holdings is that where there are multiple causes for a loss, one of which is an included risk and one of which is an excluded risk, there is coverage if "*a* concurrent proximate cause" of the harm is an included risk under the terms of the policy. (*State Farm Mut. Auto. Ins. Co.* v. *Partridge* (1973) 10 Cal.3d 94, 102-105 [109 Cal.Rptr. 811, 514 P.2d 123]; *Premier Ins. Co.* v. *Welch* (1983) 140 Cal.App.3d 720, 727 [189 Cal.Rptr. 657].)

Appellants contend that the exclusions in an all-risk homeowner's property damage policy should be construed to exclude insurance coverage whenever the efficient proximate cause of the loss is an excluded peril. In asserting this proposition, they rely primarily on *Sabella* v. *Wisler, supra.* However, Farmers' reliance on the *Sabella* case is misplaced.

*Sabella* concerned an action by property owners against their insurer for recovery under a policy insuring against "all physical loss." Among other things, the policy excluded loss by settling, cracking and shrinkage.

The home which the insureds purchased in the *Sabella* case had been built upon filled land. Although the builder was an experienced contractor, he

failed to discover the filled nature of the ground or to have tests performed upon the land for such purpose. As a result of the negligence of the builder, the sewer line developed a leak and waste water infiltrated the unstable soil causing subsidence damage to the insureds' house. The trial court concluded that the insurer was exempt from liability as the proximate cause of the loss was "settling," an excluded risk. (*Sabella* v. *Wisler, supra,* 59 Cal.2d at pp. 24-26.) The Supreme Court reversed, holding there was coverage because the rupture of the sewer line, attributable to the negligence of a third party, rather than settling, was the efficient proximate cause of the loss. (*Id.,* at pp. 31-32, citing 6 Couch, Insurance (1930) § 1463, p. 5298.)

The *Sabella* court analogized the proximate causation problem therein to that in *Brooks* v. *Metropolitan Life Ins. Co., supra,* 27 Cal.2d 305. In the *Brooks* case recovery was allowed on a policy insuring against death by accidental means, where the insured, while suffering from an incurable disease, an excluded peril, died in a fire. The *Brooks* court held that recovery may be had even though a diseased or infirm condition appears to contribute to the death if the included risk, the accident, "sets in progress the chain of events leading directly to death, or if it is the prime or moving cause." (*Id.,* at pp. 309-310.)

The *Sabella* case concerned itself with proximate causation in the context of one moving cause and one immediate cause of the damage. In such a circumstance, the Supreme Court held recovery may be had if the efficient moving cause was an included risk under the policy. Clearly the holding in *Sabella* did not rule out the possibility that there may be coverage when an included peril is a concurrent proximate cause with an excluded peril.

Appellants next assert that cases subsequent to *Sabella* have adopted the efficient moving cause analysis outlined therein and that this demonstrates the *Sabella* analysis is the only one to be made in cases of multiple causes and included and excluded risks. In support of this argument appellants cite *Sauer* v. *General Ins. Co.* (1964) 225 Cal.App.2d 275 [37 Cal.Rptr. 303] and *Gillis* v. *Sun Ins. Office, Ltd.* (1965) 238 Cal.App.2d 408 [47 Cal.Rptr. 868, 25 A.L.R.3d 564]. Neither of these cases provide comfort to Farmers' position.

Similar to *Sabella,* the *Sauer* case concerned property damage as a result of a leak in the water pipes below the insureds' home. Water from the pipe leaked into the ground beneath the home, causing the structure to settle and damaging the walls, floors and foundation. The insureds filed a declaratory relief action concerning their rights and obligations under their "homeowner's policy." The policy insured against loss caused by accidental discharge or leakage of water from plumbing. The policy excluded liability for loss

caused by earth movement, subsurface water, and settling and cracking. After a court trial, judgment was entered in favor of the insurance company. (*Sauer* v. *General Ins. Co., supra,* 225 Cal.App.2d at pp. 276-277.)

The Court of Appeal in *Sauer,* after extensive recitation of *Sabella,* concluded without further discussion that the insured was entitled to recovery because the efficient proximate cause of the loss was an included risk, the accidental discharge and leakage of water. (*Sauer* v. *General Ins. Co., supra,* 225 Cal.App.2d at pp. 278-280.) We are not persuaded that *Sauer*'s application of the efficient proximate cause analysis to a factual situation parallel to *Sabella* demonstrates that this is the sole analysis to be applied in all multiple causation fact patterns.

We do not find the *Gillis* case helpful to Farmers' position. In that case the trial court found that a violent windstorm caused the gangway to be lifted and to fall violently on the insured's docking facility. This caused the docking facility to subside into the water. (*Gillis* v. *Sun Ins. Office, Ltd., supra,* 238 Cal.App.2d at pp. 416-417.)

The fire insurance policy in *Gillis* insured against loss or damage caused by wind but it " 'excluded coverage for loss occurring to the docking facility caused by water or damage from, contributed to or aggrevated [*sic*] by surface water or waves.' " (*Id.,* at p. 415.) The Court of Appeal, in affirming the trial court's conclusion that the loss was covered by the policy, stated that the record sustained the implied finding of the lower court that the windstorm alone was the dominant and efficient cause of the damage and loss. (*Id.,* at pp. 423-424.)

Moreover, the court explicitly limited its holding to multiple cause fact patterns similar to the *Sabella*-type line of cases. The court stated: "The foregoing makes it unnecessary to determine whether in every case of several causes, the insured may recover if one is the peril insured against. [Citation.] The effect of the exclusion cause on the situation where the action of the excluded peril precedes the action of the insured peril, and the situation where such causes operate simultaneously and conjointly may be left for future determination. [Citation.]" (*Id.,* at p. 424.) Certainly the *Gillis* court was not foreclosing the likelihood of "a concurrent proximate cause" analysis being applied to an appropriate factual situation.

Later cases have affirmatively held that where a loss is caused concurrently by both an included and an excluded peril, there may be coverage without establishing that the included peril was the efficient proximate cause of the loss. (*State Farm Mut. Auto. Ins. Co.* v. *Partridge, supra,* 10 Cal.3d

94; *Premier Ins. Co.* v. *Welch, supra,* 140 Cal.App.3d 720; *Safeco Ins. Co. of America* v. *Guyton* (9th Cir. 1982) 692 F.2d 551.)

In *Partridge,* in which a declaratory relief action was filed by the insurer, the defendant was insured under both an automobile liability policy and a homeowner's policy. For hunting purposes, the insured filed the trigger mechanism of his pistol down to the point of "hair trigger" action. Due to the insured's negligence in driving the vehicle in rough terrain off the paved road in pursuit of jack rabbits *and* his negligence in filing the trigger, the gun accidentally discharged injuring a passenger in the vehicle. (*State Farm Mut. Auto. Ins. Co.* v. *Partridge, supra,* 10 Cal.3d at pp. 97-99.) While the insurer acknowledged coverage for the accident under the automobile policy, it also contended there was no coverage under the homeowner's policy because of an exclusion in that policy for injuries arising out of the use of an automobile. (*Id.,* at p. 99.) The insured claimed there was coverage under both policies since both his negligent acts were concurrent proximate causes of the damage. (*Ibid.*)

Rejecting the position of the insurer, Justice Tobriner wrote that "when two such risks [an excluded risk and an insured risk] constitute concurrent proximate causes of an accident, the insurer is liable so long as one of the causes is covered by the policy." (*State Farm Mut. Auto. Ins. Co.* v. *Partridge, supra,* 10 Cal.3d at p. 102.) The court explained that its holding is not in conflict with the *Brooks* and *Sabella* cases wherein the facts lent themselves to an efficient proximate cause analysis. (*Id.,* at p. 104, fn. 10.)

Nor is *Partridge* in conflict with sections 530 and 532 of the Insurance Code which govern insurance coverage for excluded and included risks. (*State Farm Mut. Auto. Ins. Co.* v. *Partridge, supra,* 10 Cal.3d at p. 105, fn. 11.) Section 530 provides that "[a]n insurer is liable for a loss of which a peril insured against was the proximate cause, although a peril not contemplated by the contract may have been a remote cause of the loss; but he is not liable for a loss of which the peril insured against was only a remote cause." Section 532 provides that "[i]f a peril is specially excepted in a contract of insurance and there is a loss which would not have occurred but for such peril, such loss is thereby excepted even though the immediate cause of the loss was a peril which was not excepted." The *Partridge* conclusion that there is insurance coverage "whenever an insured risk constitutes *a* proximate cause of an accident" neither violates section 530's prohibition against coverage for remote causes, nor section 532's provision excepting coverage for "but for" causes under certain circumstances. (*Ibid.,* italics added.) As explained by the court itself: "Our conclusion that coverage is available whenever an insured risk constitutes a proximate cause of an accident, even if an excluded risk is a concurrent proximate cause, is

consistent with Insurance Code sections 530 and 532, as authoritatively construed in *Sabella* v. *Wisler* (1963) 59 Cal.2d 21 . . . . [¶] In interpreting these two sections in light of one another, the *Sabella* court rejected the insurer's contention that coverage was unavailable whenever an excluded risk constituted a 'but for' cause of an accident. The *Sabella* court declared: '[I]f section 532 were construed in the manner contended for by defendant insurer, where an excepted peril operated to any extent in the chain of causation so that the resulting harm would not have occurred 'but for' the excepted peril's operation, the insurer would be exempt even though an insured peril was the proximate cause of the loss. Such a result would be directly contrary to the provision in section 530, in accordance with the general rule, for liability of the insurer where the peril insured against proximately resulted in the loss.' (59 Cal.2d at p. 33.)" (*State Farm Mut. Auto. Ins. Co.* v. *Partridge, supra,* 10 Cal.3d at p. 105, fn. 11.)

In addition, the *Partridge* court found support for its holding in the case of *Hughes* v. *Potomac Ins. Co.* (1962) 199 Cal.App.2d 239 [18 Cal.Rptr. 650] wherein the trial court's finding was affirmed that an included risk, ground water from rainfall, rather than from overflow from the river, an excluded risk, was the cause of a landslide. (*Id.,* at p. 244.) Justice Tobriner found it significant that the *Hughes* court declared even if the trial court erred in finding that the landslide was in no way caused by the excluded peril, the insurer would still be liable since " ' "[i]t has been held that when two causes join in causing an injury, one of which is insured against, the insured is covered by the policy. . . ." (*Zimmerman* v. *Continental Life Ins. Co.* (1929) 99 Cal.App. 723, 726 [279 P. 464].)' " (*State Farm Mut. Auto. Ins. Co.* v. *Partridge, supra,* 10 Cal.3d at p. 105, quoting *Hughes* v. *Potomac Ins. Co., supra,* 199 Cal.App.2d at p. 244.)

The case of *Premier Ins. Co.* v. *Welch, supra,* 140 Cal.App.3d 720, specifically applied the *Partridge* concurrent proximate cause test to included and excluded risks in a homeowner's policy. Like the instant case, the insurer in *Premier* brought a declaratory relief action under an "all risk" homeowner's policy when property owned by its insured was damaged by landslide after a heavy rainfall. The insureds' home in *Premier* was built upon filled land. Below the fill was a drainage system consisting of several layers of gravel and a perforated drain pipe. The system emptied into a hillside below. During the heavy rains of January 1978, the fill below the insureds' home began to slide downhill. Eventually the foundation cracked in half and the house broke off from the foundation, overturning into a ravine.

The stipulation of facts before the trial court provided that the subdrain, intended to release subsurface waters, was damaged. As a result its drainage

capacity was impeded and the fill became saturated, causing the structure to be damaged. The damaged subdrain was caused by the negligence of a third party; the most probable explanation being that the damage was the act of the original sewer contractor. It was determined that the loss to the insureds would not have occurred if the subdrain had not been damaged. (*Id.*, at p. 722.)

The "all risk" homeowners policy in *Premier* insured against all physical loss to the property, but excluded coverage for losses "caused by, resulting from, contributed to or aggravated by" flood, surface water, water which backs up through sewers or drains, or subsurface or ground water "including that which exerts pressure on or flows, seeps or leaks through . . . foundations [or] walls . . . ." (*Id.*, at p. 723.)

The trial court determined the loss was excluded as the efficient proximate cause of the loss was the rainfall, an excluded peril. (*Premier Ins. Co.* v. *Welch, supra,* 140 Cal.App.3d at p. 723.) The Court of Appeal reversed, concluding that there was coverage because the "efficient cause of loss was the negligently maintained subdrain rather than the rainfall." (*Id.*, at p. 725.) Continuing its discussion, the court said: "the judgment at bench must [also] be reversed for the second reason spelled out by appellants: i.e., that the damaged subdrain was, *at the very least, a concurrent proximate cause of the property loss* incurred by appellants which ipso facto gave rise to respondent's liability in spite of the fact that the rainfall, an excluded peril, and the earth movement resulting therefrom may also have constituted a proximate cause." (*Id.*, at p. 727, italics added.)

Finally, in *Safeco Ins. Co. of America* v. *Guyton, supra,* 692 F.2d 551, a case interpreting California law, the Ninth Circuit Court of Appeals applied the *Partridge* analysis to a fact pattern virtually identical to the one presented by the instant appeal. In *Safeco,* the policyholders were homeowners insured under an all-risk insurance policy which excluded loss caused by flood, surface water, earth movement, etc. After a record rain, which resulted in the destruction of insureds' homes, the various insurance companies brought a declaratory relief action against the policyholders. The insurance companies sought a declaration that the various policies excluded coverage for flood damage. The policyholders answered by asserting that there was coverage as the negligence of a third party, the local water district, was the proximate cause of the loss. (*Id.*, at pp. 552-553.) The district court granted declaratory relief in favor of the insurance companies, holding that the exclusionary clause barred coverage for the flood even if a third party's negligence was a proximate cause of the loss. The district court further concluded that coverage should only be found if the covered risk

was the "sole or efficient proximate cause" of the loss and the covered risk preceded in time the operation of the excluded risk. (*Id.*, at pp. 552-553.)

The Ninth Circuit reversed the declaratory relief judgment and held that the district court misinterpreted California law. (*Id.*, at p. 553.) While the Ninth Circuit noted the efficient proximate cause standard for determining coverage, it also recognized that in factual settings not appropriate for this analysis, another standard is utilized by California courts. The court cited the *Partridge* opinion. (*Id.*, at p. 554.) "*Partridge* is dispositive in the Policyholders' favor. The district court erred in concluding that the flood exclusion clause excluded the Policyholders' loss even if third party negligence was a proximate cause of the loss." (*Id.*, at p. 555.)

Applying these principles to the instant appeal, the trial court's sustaining of the demurrer and dismissal of the action was correct. The *Partridge, Premier* and *Safeco* cases reveal that in an appropriate case coverage may be found not only where the included risk is the efficient or moving cause of the harm, but also where an included risk is *a* concurrent proximate cause of the harm. As in the *Premier* and *Safeco* cases, the contention of the Insureds herein is that certain included risks were contributing causes of their individual losses. In fact, several examples of the Insureds' contentions, as set forth in Farmers' complaint, show that various Insureds are claiming a third party's negligence contributed to their loss. The *Premier* and *Safeco* courts both stated that there is coverage if a third party's negligence, an included risk in a typical homeowner's policy, is a concurrent proximate cause of the harm. The declaration that Farmers sought goes against the weight of California law. (See *Safeco Ins. Co. of America* v. *Guyton, supra,* 692 F.2d at p. 553.)

### III

The trial court's second basis for sustaining the demurrer to Farmers' complaint was misjoinder of the various defendant Insureds, because of the need to individually analyze the causation question with regard to each insured. Appellants contend that joinder was appropriate in this case.

Permissive joinder of defendants in a civil action is proper where the complaint asserts against them any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action. (Code Civ. Proc., § 379.)

In the instant case, joinder is inappropriate because Farmers' alleged right to declaratory relief against the numerous Insureds did not arise out of the

same transaction or occurrence. Although it is true that the January 1982 storm played a role in the damage to Insureds' property, it cannot be said that all the claims of the Insureds arose out of the same transaction or occurrence. (Cf. *Southern Cal. Edison Co.* v. *State Farm Mut. Auto. Ins. Co.* (1969) 271 Cal.App.2d 744, 748 [76 Cal.Rptr. 909] [wherein court construes predecessor statute to present § 379 of Code Civ. Proc.].) While it may be possible to join certain of the Insureds upon more specific factual allegations, we find it improper to label the damage herein to innumerable types of structures, occurring at widely separated locations within the state, resulting from a myriad of causes, and under various conditions as the "same transaction or occurrence" within the meaning of Code of Civil Procedure section 379. The requirement of same transaction or occurrence has not been met and joinder may not be had. The trial court properly sustained the demurrer on this ground. (See Code Civ. Proc., § 430.10, subd. (d).)

IV

The final challenge by Farmers is that the trial court's dismissal of the complaint pursuant to the provisions of Code of Civil Procedure section 1061 was erroneous. We find Farmers' assertion without merit.

Section 1061 provides that a trial court may refuse to exercise his or her power to grant declaratory relief whenever such a declaration is unnecessary or improper at the time, under all the circumstances. This section vests a high degree of discretion in the trial court. Its determination to refuse to grant declaratory relief will not be disturbed on appeal unless a clear abuse of discretion is shown. The discretionary power of the trial court to deny declaratory relief may be invoked by general demurrer. (*General of America Ins. Co.* v. *Lilly* (1968) 258 Cal.App.2d 465, 471 [65 Cal.Rptr. 750].) An abuse of discretion is not manifest here.

Appellants claim that declaratory relief should have been granted because such declaration was an appropriate means by which it could obtain a judicial construction of its obligations under the various policies. This may be true under the proper circumstances. However, under the facts of the instant case, declaratory relief was not appropriate. The declaration sought by Farmers was a misinterpretation of California law. In addition, a declaration in this case would not resolve the controversy between the parties. Even if the court had issued a declaration stating that the efficient proximate cause analysis was the proper standard to be utilized in determining coverage, controversy would still exist as to what is the efficient proximate cause in each instance. Moreover, the trial court was correct in finding that the declaration requested by appellants would be improper. The term "efficient

proximate cause" lacks the certainty of definition necessary to assist the parties in understanding their rights and duties under the policies and in respect to the property damage. The cases which interpret this standard fail to provide a uniform meaning to the term. The term has been described as " '. . . the one [cause] that sets others in motion . . .' " (*Sabella* v. *Wisler, supra,* 59 Cal.2d at p. 31), "the predominating or moving efficient cause . . ." (*id.,* at p. 32, citing 6 Couch, Insurance (1930) §§ 1466, p. 5303, 1463, p. 5298), "the prime or moving cause" (*Brooks* v. *Metropolitan Life Ins. Co., supra,* 27 Cal.2d at p. 310) and "the dominant or efficient cause." (*Gillis* v. *Sun Ins. Office, Ltd., supra,* 238 Cal.App.2d at pp. 423-424.) The trial court's grant of declaratory relief, in this case, may have led to greater confusion, not less. For all these reasons, the trial court's refusal to grant declaratory relief was proper.

The order sustaining the demurrers without leave to amend, the order granting the motions to dismiss and the judgment are affirmed.

White, P. J., and Barry-Deal, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 16, 1985.