Filed 12/16/13  Shell v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| EDWARD VICTOR SHELL, | |
| Plaintiff and Appellant, | C071558 |
| v. | (Super. Ct. No. 34200900037121CUPOGDS) |
| DIANE JONES et al., | |
| Defendants and Respondents. | |

In this action against four prison employees for declaratory relief, plaintiff and prison inmate Edward Victor Shell sought a declaration that defendants acted negligently and violated his due process and equal protection rights in failing to apply certain "mandated enhancements" to his sentence when asked.  The trial court sustained without leave to amend the demurrer of two defendants to plaintiff's complaint, and entered judgment in their favor.

In this pro se appeal from the judgment, plaintiff contends the trial court erred in sustaining the demurrer, and abused its discretion in failing to review the request for judicial notice plaintiff filed in opposition to defendants' demurrer.

1

We conclude the trial court did not err or abuse its discretion in sustaining the demurrer without leave to amend and denying plaintiff's request for judicial notice. Accordingly, we affirm the judgment.

STANDARD OF REVIEW

Because this is an appeal following a successful demurrer, we accept as true all facts properly pled in plaintiff's complaint, and also incorporate any facts of which we may take judicial notice. (*Gu v. BMW of North America, LLC* (2005) 132 Cal.App.4th 195, 200.)

BACKGROUND

*Allegations of the Complaint*

Plaintiff is a prison inmate. Defendants are Diane Jones, a correctional case records manager; P.D. Palmer, a prison warden; N. Grannis, the "Chief [of] Inmate Appeals," and B. Sullivan, a "staff services Manager I."

In 1997, plaintiff was charged in San Diego Superior Court case No. SCD126559 with committing four counts of robbery and one count of attempted robbery in January of that year; the amended information also alleged plaintiff suffered seven prior serious and violent felony convictions in October 1991, in San Diego Superior Court case No. CR124969.[1] The abstract of judgment in case No. SCD126559 shows plaintiff was convicted by a jury of three counts of robbery, and one count of attempted robbery; it also was found true that plaintiff had served one prior prison sentence, within the meaning of Penal Code section 667, subdivision (a). Plaintiff was sentenced as a third-strike offender in case No. SCD126559 to serve a term of 80 years to life, comprised of

_____

[1]     On the court's own motion, we take judicial notice of the abstracts of judgment in San Diego Superior Court case Nos. SCD126559 and CR124969. (Evid. Code, §§ 452, subd. (d), 459.)

2

three 25-to-life terms, plus one five-year enhancement for having served a prior prison term.

In or about 2008, while in prison, plaintiff viewed a segment of the television show CBS Nightly News concerning Sara Jane Olson, who was released from state prison and was later returned to prison when it was determined her term of imprisonment had not been properly calculated. Plaintiff became concerned his sentence might be in error because "there were six (6) five-year enhancements totaling thirty (30) years missing from his sentence, because the court had sentence[d] defendant to seven (7) prior felony convictions, allegedly 'brought and tried separately.' " Plaintiff alleged that, if and when it is time for him to be released from prison, "he has been placed in a position leading to a real potential of having thirty-(30)-years added to his sentence"; and he "didn't want to be involved in the bureaucracy later should changes be made."

Plaintiff met with defendant Jones, a correctional case records manager, to explain his concerns and his belief that his sentence had been "miscalculat[ed]" and was therefore "unauthorized," but Jones refused to correct his sentence. Plaintiff's appeal from Jones's decision was reviewed and denied by defendant Palmer. Defendant Grannis reviewed plaintiff's appeal at the next level and returned it to defendant as incomplete. Finally, plaintiff's appeal was heard and denied by defendant Sullivan, whose decision states: "Until records staff receive amended documents from the courts, [plaintiff's release] date is calculated according to the current court documents. The [plaintiff] has not provided compelling argument to warrant modification of the decision reached by the institution."

Plaintiff filed the instant action for declaratory relief. He alleged that, in failing to comply with the applicable regulations (Cal. Code Regs., tit. 15, § 3075.1(b), (e)) and Department of Corrections and Rehabilitation Operational Manual (operational manual), sections 33030.3.1 and 71010.4 requiring them to address and correct his unauthorized sentence, defendants acted negligently and denied him due process and equal protection

of the law. Plaintiff sought a declaration that defendants had acted negligently and violated his rights to due process and equal protection. Defendant also sought orders directing defendants, consistent with their obligations under the applicable regulations and operational manual sections, to "apply the mandated enhancements under the required legal standard," and to correct the abstract of judgment "to conform to [plaintiff's] indictment and conviction." Finally, plaintiff sought an injunction against defendants to refrain from harassing or retaliating against him, or disrupting his normal routine, job assignment, and current institutional placement.

### *Demurrer by Defendants Jones and Palmer*

The Attorney General demurred to the complaint on behalf of two of the four defendants: Jones and Palmer. The demurrer asserted plaintiff failed to state a cause of action because his allegations are speculative, in that the complaint "anticipat[es] a highly unlikely, hypothetical, future injury," and plaintiff has shown no error in his sentencing. Moreover, demurring defendants asserted plaintiff's sole remedy to correct an unauthorized sentence is to file a writ of habeas corpus in the sentencing court.

Plaintiff opposed the demurrer. He asserted his 1991 priors were not "legally charged," because his 1991 plea agreement was violated and he must now either "be sentenced on the priors or have his sentence stricken." Plaintiff also argued (among other things) that defendants have no discretion not to act in response to his request under provisions of the operational manual, but must correct a sentencing error once it has been brought to their attention.

The trial court agreed with the demurring defendants that plaintiff should seek the relief he requests -- i.e., to "apply the mandated enhancements" and to correct the abstract of judgment "to conform to his indictment and conviction" -- by filing a habeas corpus proceeding in the sentencing court. The court sustained the demurrer of defendants Jones and Palmer without leave to amend, on the ground the complaint fails to state facts

4

sufficient to state a cause of action (Code Civ. Proc., § 430.10, subd. (e)).  Thereafter, the court entered a judgment in favor of the demurring defendants.

DISCUSSION

**I**

*Applicable Rules Governing this Appeal*

Plaintiff claims the trial court erred in sustaining defendants' demurrer to the declaratory relief complaint.  He asserts he has a right -- based on the constitution, statutes, regulations, and operational manual provisions -- to "have the defendants move the lower court to correct his abstract of judgment" to reflect the actual fact of his prior conviction.

On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled.  This court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded.  We do not, however, assume the truth of contentions, deductions or conclusions of law; rather, the judgment must be affirmed "if any one of the several grounds of demurrer is well taken.  [Citations.]"  (*Bagatti v. Department of Rehabilitation* (2002) 97 Cal.App.4th 344, 352; see also *Lee v. Blue Shield of California* (2007) 154 Cal.App.4th 1369, 1377-1378.)

When, as here, a trial court sustains a demurrer without leave to amend, our task on review is to "decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  [Citation.]  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred.  [Citation.]  The plaintiff has the burden of proving that an amendment would cure the defect."  (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Richelle L. v. Roman Catholic Archbishop* (2003) 106 Cal.App.4th 257, 266.)

## II

### *The Demurrer Was Properly Sustained*

The existence of an " 'actual controversy relating to the legal rights and duties of the respective parties,' suffices to maintain an action for declaratory relief. (Code Civ. Proc., § 1060.)" (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 605.) Code of Civil Procedure section 1060 is clear: "Any person . . . who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court . . . . He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time." Thus, a complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties and requests that the rights and duties of the parties be adjudged by the court. If these requirements are met and no basis for declining declaratory relief appears, the court should declare the rights of the parties whether or not the facts alleged establish the plaintiff is entitled to favorable declaration. (*Ludgate Ins. Co. v. Lockheed Martin Corp., supra*, 82 Cal.App.4th 592, 606, citing *Wellenkamp v. Bank of America* (1978) 21 Cal.3d 943, 947.)

The requirement that an actual controversy be alleged has been satisfied by the complaint. Plaintiff alleges defendants had discretion and responsibility under the applicable regulations and operational manual provisions to analyze the accuracy of his sentence and to correct any errors in that sentence, and their failure to do so constituted negligence and the denial of his constitutional rights to due process and equal protection of the law. In support of their demurrer, defendants did not dispute the applicability of these regulations and operational manual provisions. They argued plaintiff's sentence

6

appears correct, his allegation that an error in his sentence might be discovered at the time of parole is speculative because he will be 110 years old before he is eligible for parole, and his sole remedy is to bring a writ of habeas corpus in the sentencing court.

However, Code of Civil Procedure section 1061 "provides an exception to the broad language in Code of Civil Procedure section 1060 as follows[:] 'the court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances.' " (*C.J.L. Construction, Inc. v. Universal Plumbing* (1993) 18 Cal.App.4th 376, 389-390; see also *Stonehouse Homes LLC v. City of Sierra Madre* (2008) 167 Cal.App.4th 531, 539.) "This section [Code of Civil Procedure section 1061] vests a high degree of discretion in the trial court. Its determination to refuse to grant declaratory relief will not be disturbed on appeal unless a clear abuse of discretion is shown. The discretionary power of the trial court to deny declaratory relief may be invoked by general demurrer." (*Farmers Ins. Exchange v. Adams* (1985) 170 Cal.App.3d 712, 723, overruled on other grounds in *Garvey v. State Farm Fire & Casualty Co*. (1989) 48 Cal.3d 395, 399, fn. 1; see also *Otay Land Co. v. Royal Indemnity Co*. (2008) 169 Cal.App.4th 556, 562-563; *Turlock Irrigation Dist. v. Zanker* (2006) 140 Cal.App.4th 1047, 1064; *Application Group, Inc. v. Hunter Group, Inc*. (1998) 61 Cal.App.4th 881, 892-893.)

We cannot conclude the trial court abused its discretion in finding the declaratory relief action improper and sustaining the demurrer. Trial courts enjoy broad discretion in declaratory relief actions, and " 'the court's decision to grant or deny relief will not be disturbed on appeal unless it be clearly shown . . . that the discretion was abused.' [Citation.]" (*Pellegrini v. Weiss* (2008) 165 Cal.App.4th 515, 529.) The trial court here apparently concluded it was not necessary or proper (see *C.J.L. Construction, Inc. v. Universal Plumbing, supra,* 18 Cal.App.4th at pp. 389-390) to determine in this declaratory relief action whether defendants were obliged under the cited regulations and

7

operational manual provisions to analyze the accuracy of plaintiff's sentence and to correct any errors because plaintiff could seek relief through a habeas corpus proceeding in the sentencing court. In evaluating that decision on appeal, we do not ask whether the trial court could have ruled differently or " 'whether we would have made a different decision had the matter been submitted to us in the first instance. Rather, the discretion is that of the trial court, and we will only interfere with its ruling if we find that under all the evidence, viewed most favorably in support of the trial court's action, no judge reasonably could have reached the challenged result.' [Citation.]" (*Estate of Hammer* (1993) 19 Cal.App.4th 1621, 1634; see also *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 717.) Accordingly, we reverse the trial court's ruling for abuse of discretion only where there is no reasonable basis for its action. (*City National Bank v. Adams* (2002) 96 Cal.App.4th 315, 323.)

We discern justifiable reasons for the trial court's ruling that declaratory relief is not necessary and proper under the circumstances. It is correct plaintiff can seek relief from an unauthorized sentence or a nonconforming verdict by way of writ of habeas corpus in the sentencing court (see *In re Birdwell* (1996) 50 Cal.App.4th 926, 930; also see *In re Clark* (1993) 5 Cal. 4th 750, 765). Moreover, plaintiff's argument that his sentence is in error appears to turn on the propriety of two San Diego Superior Court cases (San Diego Superior Court case Nos. CR124969 and SCD126559), inasmuch as he argues his enhancements in the latter case are in error, possibly in part as a result of the plea agreement entered in the former.[2] The trial court that sentenced plaintiff in both San

---

[2] While this appeal was pending, plaintiff filed a "Notice of Motion for Judicial Review in Support of Civil Complaint," citing the Evidence Code statutes pertaining to compulsory judicial notice and the information a court may consider in determining whether it can take judicial notice. We decline plaintiff's request that we take judicial notice of the matters identified in his motion, which he contends show "he do[es] not have seven strikes," he was sentenced in case No. CR124967 for strikes "belonging to

Diego Superior Court cases is the best place to resolve the question of whether plaintiff's sentence is in error. Finally, plaintiff indicates in his reply brief that he needs a corrected abstract of judgment to apply for resentencing and a reduction in sentence, presumably pursuant to the Three Strikes Reform Act of 2012 (Prop. 36, §§ 2, 4, & 6 (Gen. Elec., Nov. 6, 2012) eff. Nov. 7, 2012). That, too, is a petition that must be filed in the sentencing court in the first instance. (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170-171.)

We also reject plaintiff's contention the trial court abused its discretion in failing to review his request while the demurrer was pending for judicial notice of certain documents filed in case No. CR126559. The court did not fail to review his request; it denied the request as containing material that was not needed to rule on defendants' demurrer. Moreover, that denial was within the trial court's discretion. Evidence Code section 453 states the court shall take judicial notice of matters properly presented, but it does not compel the court to admit matters it deems irrelevant or would result in the undue consumption of time. (See *Mitroff v. United Services Automobile Assn* (1999) 72 Cal.App.4th 1230, 1243.)

In sum, the trial court did not err or abuse its discretion in sustaining the demurrer without leave to amend and denying plaintiff's request for judicial notice.

---

an[other] individual," and that justify an order by this court to defendants "to admit that [plaintiff] was wrongfully convicted for five felonies" in case No. CR124967. "Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning." (*Joslin v. H.A.S. Ins. Brokerage* (1986) 184 Cal.App.3d 369, 374.) Even when courts take judicial notice of public records, they are not assuming the truth of matters stated therein. (*StorMedia Inc. v. Superior Court* (1999) 20 Cal.4th 449, 457, fn. 9; *Love v. Wolf* (1964) 226 Cal.App.2d 378, 403.)

## DISPOSITION

The judgment in favor of the demurring defendants is affirmed. The demurring defendants are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


      HOCH     , J.


We concur:


     HULL    , Acting P. J.


     BUTZ    , J.