**Randall J. MATSUMOTO, and Nancy E. Matsumoto, Plaintiffs-Appellants,**

v.

**REPUBLIC INSURANCE COMPANY, and Blue Ridge Insurance Company, Defendants-Appellees.**

No. 85–5676.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 1986.

Decided June 19, 1986.

Patrick E. Catalano, Richard S. Diestel, San Francisco, Cal., for plaintiffs-appellants.

Jeffrey L. Krivis, Jack M. Staitman, Encino, Cal., for defendants-appellees.

Before FLETCHER, NELSON and HALL, Circuit Judges.

PER CURIAM:

Randall and Nancy Matsumoto appeal from the district court's order granting a motion for summary judgment in favor of Blue Ridge and Republic Insurance Companies (hereinafter referred to collectively as "Blue Ridge"). We review the order *de novo, Nevada v. United States*, 731 F.2d 633, 635 (9th Cir.1984), and affirm the decision of the district court.

I.

The Matsumotos, residents of California, bought a standard homeowners policy from Blue Ridge in April 1978. The standard policy specifically excludes from coverage "earth movement," defined as "earthquake, landslide, mudflow, earth sinking, rising or shifting." The California courts have construed that provision narrowly. Earth movement induced by third party negligence or some other non-excluded peril *is* covered by the standard policy. *See Sabella v. Wisler*, 59 Cal.2d 21, 30–34, 27 Cal.Rptr. 689, 694–97, 377 P.2d 889, 894–97 (1963); *see also Premier Insurance Co. v. Welch*, 140 Cal.App.3d 720, 724–26, 189 Cal. Rptr. 657, 659–61 (1983).

The May 1978 collapse of a fence in their backyard alerted the Matsumotos to the

subsidence of earth underlying their home. Mr. Matsumoto contacted Graham Rhodes, the independent agent from whom he had procured the policy, and Rhodes told him that the damage was not covered by the policy because the movement of earth was an act of God. In October 1978, Mr. Matsumoto informed Rhodes that the dwelling structure itself had begun to incur damage as a result of earth movement. Again, Rhodes told him that the policy did not cover acts of God. Rhodes conducted no investigation of the Matsumotos' property pursuant to their inquiry about coverage, and on April 20, 1979, he sent Mr. Matsumoto a letter stating: "There is no homeowners insurance policy that covers landslides. Your homeowners insurance policy does not afford any coverage to you for a loss sustained as a result of a landslide, mudslide or earth flow."

Upon being informed that the insurance policy provided him no coverage, Mr. Matsumoto "read the policy and noted the earth movement exclusion." He contacted the mortgagee about the property, and the mortgagee gave no indication that the Matsumotos had been denied benefits improperly. In April 1979, he retained an attorney to investigate "whether there was any avenue of recovery pertaining to the earth movement related damage." The attorney failed to inform him that the policy might provide coverage notwithstanding its explicit exclusion of damage caused by earth movement.

According to Mr. Matsumoto, a Blue Ridge representative came to his house in June 1979, and looked at the fissures in the earth, purportedly in connection with the renewal of the policy. Blue Ridge decided to cancel the policy in July 1979.

In May 1983, when insurers began paying policy benefits to similarly situated neighbors, the Matsumotos learned that they might have been entitled to the payment of benefits on their policy. Apparently, the earth movement that damaged their property had been induced by third party negligence. On June 13, 1983, they filed a complaint against Blue Ridge in the California Superior Court, alleging breach of contract, breach of covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress. The action was removed to the United States District Court on the basis of diversity.

After discovery had commenced, Blue Ridge filed a motion for summary judgment, arguing that none of the causes of action survived applicable statutes of limitations. At the same time, the Matsumotos filed a motion to amend their complaint in order to name Rhodes as a party defendant, and to remand the action to state court. The addition of Rhodes would have defeated the district court's diversity jurisdiction. The court denied the Matsumotos' motion as untimely, and granted Blue Ridge's motion for summary judgment on the breach of contract claim. Following further discovery, Blue Ridge resubmitted its motion for summary judgment on the remaining claims, and the motion was granted. On appeal, the Matsumotos contend that their claims are not time-barred, and that the district court abused its discretion in denying their motion to amend.

## II.

We rely upon California law to determine whether the Matsumotos' claims are time barred. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 107–10, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945).[1] Pursuant to Cal.Civ.Proc.Code §§ 312 and 337 (West 1982), an action in contract must be brought within four years of the date that the cause of action accrues. Accrual ordinarily commences at the time of injury. *See April Enterprises, Inc. v. KTTV*, 147 Cal.App.3d 805, 831, 195 Cal.Rptr. 421, 436 (1983) (in "typical contract breach ... accrual logically begins at the time of injury"). The Matsumotos argue that they incurred no injury until it was determined that third-party negligence caused the earth movement under their house. We

---

**1.** A district court's interpretation of the law of the state in which it sits is reviewable *de novo.*

*In re McLinn,* 739 F.2d 1395, 1400 (9th Cir.1984) (en banc).

reject this contention. To rule otherwise would be to equate date of injury with the date on which every factual controversy is resolved. We think it unlikely that the California Legislature intended such a result.

Alternatively, the Matsumotos argue that the date upon which they *discovered* Blue Ridge's breach of contract should mark the date upon which their action accrued. A "date-of-discovery" accrual rule has been applied with increasing frequency in California, *April Enterprises,* 147 Cal. App.3d at 828, 195 Cal.Rptr. at 434, particularly where "[t]he injury, or the act causing the injury or both, have been difficult for the plaintiff to detect." 147 Cal.App.3d at 831, 195 Cal.Rptr. at 436. In *Balfour, Guthrie & Co. v. Hansen,* 227 Cal.App.2d 173, 189, 38 Cal.Rptr. 525, 535 (1964), the California Court of Appeal noted that "[f]raudulent concealment of the facts is a good answer to the defense of the statute of limitations," and observed that fraud included negligent misrepresentation. 227 Cal.App.2d at 192, 38 Cal.Rptr. at 537.

■ Application of the date-of-discovery accrual rule has been limited, however, to those cases where the *factual* predicate for the plaintiff's injuries was concealed or misrepresented.[2] *See, e.g., April Enterprises,* 147 Cal.App.3d at 825–26, 195 Cal. Rptr. at 432; *Balfour, Guthrie,* 227 Cal. App.2d at 189, 38 Cal.Rptr. at 535. Here, Blue Ridge's denial of the Matsumotos' claims was, at most, an incorrect interpretation of the terms of their contract.[3] We

are therefore bound by *Neff v. New York Life Insurance Co.,* 30 Cal.2d 165, 180 P.2d 900 (1947), wherein the California Supreme Court held that an insurer's disclaimer, even if "made through fraud or mistake," could not toll the statute of limitations. Otherwise, warned the court, "no insurer could deny liability without indefinitely suspending the running of the statute of limitations." 30 Cal.2d at 172, 180 P.2d at 905. Here, as in *Neff,* the insurer's denial of liability may have caused the insured not to pursue a cause of action, but this does not toll the statute of limitations. Accordingly, we are unable to mark the accrual of the Matsumotos' action by the date upon which they discovered the cause of their earth movement.[4]

### III.

■ The Matsumotos moved to amend their pleading to add Rhodes as a party defendant only after Blue Ridge had already filed its responsive pleading and discovery had commenced. The district court dismissed the motion as untimely. We review that decision for an abuse of discretion. *Klamath-Lake Pharmaceutical Association v. Klamath Medical Service Bureau,* 701 F.2d 1276, 1292 (9th Cir.), *cert. denied,* 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983). Because the motion was made after discovery had commenced and at the same time Blue Ridge moved for summary judgment, we conclude that the district court did not abuse it discretion in denying leave to amend. *See Roberts v.*

2. The Matsumotos do not contend that the cause of their earth movement was somehow inherently difficult to discover. They claim only that Blue Ridge's denial of liability dissuaded them from expending any effort to discover that cause. We have no reason to believe that absent a misinformed view of their contractual rights (propagated by the Matsumotos' first attorney and by their mortgagee, as well as by Blue Ridge), the Matsumotos would have been unable to discover the cause through the exercise of reasonable diligence.

3. Insofar as Blue Ridge may have concealed factual findings made during its representative's alleged inspection of the Matsumotos' property in June 1979, application of the date-of-dis-

covery accrual rule might seem appropriate. However, the Matsumotos never argued to the district court that the inspection by the Blue Ridge representative may have turned up evidence as to the cause of the earth movement. Thus, we need not reach the issue of factual concealment.

4. Because the Matsumotos fail to come within even the four-year limitations period, we do not address Blue Ridge's argument that either the one-year limitations period set forth in Cal.Ins. Code § 2071 (West 1972) and in the insurance policy itself, or the two-year limitations period set forth in Cal.Civ.Proc.Code § 339 (West 1982) for actions in tort, should be applied here.

*Arizona Board of Regents,* 661 F.2d 796, 798 (9th Cir.1981) (district court did not abuse its discretion in denying leave to amend when leave was not sought until motion for summary judgment was pending).

AFFIRMED.