**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK A. WALLMULLER, | No. 10-35645 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05534-BHS |
| v. | |
| CASEY SALISBURY, Sheriff, Mason County, Washington and DOES I-V, individually and in their official capacities, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Frank A. Wallmuller, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his right of access to the courts.  We have jurisdiction under

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Wallmuller failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of the alleged lack of access to adequate legal resources while he was detained at the Mason County Jail. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim).

The district court did not abuse its discretion in denying, without prejudice to renewal, Wallmuller's motion to name Tom Haugen as one of the Doe defendants because, at the time the motion was filed, there was a motion for summary judgment pending; substitution of Haugen would have unnecessarily delayed the court's consideration of the summary judgment motion; and substitution of Haugen would not have had any impact on the outcome of summary judgment. *See Matsumoto v. Republic Ins. Co.*, 792 F.2d 869, 872 (9th Cir. 1986) (per curiam) (no abuse of discretion in denying motion to add party made after discovery had commenced and motion for summary judgment had been filed).

Contrary to Wallmuller's contention, the district court judge did not plainly err by not recusing himself. *See* 28 U.S.C. § 455(a)-(b) (listing grounds for

recusal); *United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991) (discussing plain error review standard).

Wallmuller's remaining contentions, including that removal of the action to federal court was untimely, are unpersuasive.

**AFFIRMED.**