**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAKE MANDEVILLE-ANTHONY, an individual, | No. 11-56441 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02137-VBF-JEM |
| v. | |
| THE WALT DISNEY COMPANY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Jake Mandeville-Anthony appeals pro se from the district court's judgment

on the pleadings in his action alleging claims for copyright infringement and

breach of implied contract.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo, *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009), and we affirm.

The district court properly granted judgment on Mandeville-Anthony's copyright infringement claims because there was no substantial similarity between protected elements of his copyrighted works and comparable elements of the defendants' works as a matter of law, and any similarity in the general concepts of car racing and anthropomorphic cars is unprotected. *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010) (setting forth extrinsic test to assess substantial similarity between specific expressive elements of copyrighted works at issue as a matter of law, such as plot, sequence of events, theme, dialogue, mood, setting, pace, and characters); *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (substantial similarity focuses on only concrete, protectable elements of works standing alone, not non-protectable elements such as generic concepts or ideas).

The district court properly granted judgment on Mandeville-Anthony's state law claim for breach of implied contract because it was barred by the applicable two-year statute of limitations, and neither delayed discovery nor a continuing violations theory applied to extend the limitations period. *See* Cal. Civ. Proc. Code § 339(1); *Matsumoto v. Republic Ins. Co.*, 792 F.2d 869, 871-72 (9th Cir. 1986)

(per curiam) (under California law, a contract cause of action accrues at the date of injury unless the facts giving rise to knowledge of the injury were concealed or misrepresented); *see also Kourtis v. Cameron*, 419 F.3d 989, 1000-01 (9th Cir. 2005) (rejecting plaintiffs' attempt to extend the limitations period on their implied contract claim based on a continuing violation theory unsupported by precedent), *abrogated on other grounds*, *Taylor v. Sturgel*, 553 U.S. 880 (2008).

We do not consider issues that Mandeville-Anthony raises for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Mandeville-Anthony's remaining contentions, including those based on documents and materials not properly before the district court, are unpersuasive.

**AFFIRMED.**