[No. A045652. First Dist., Div. Five. Feb. 9, 1990.]

EILEEN FINN, Plaintiff and Appellant, v.
CONTINENTAL INSURANCE COMPANY, Defendant and
Respondent.

## COUNSEL

Edward J. Boessenecker and John E. Boessenecker for Plaintiff and Appellant.

Linda J. Lynch and Sarrail, Lynch & Hall for Defendant and Respondent.

## OPINION

**LOW, P. J.**—Where a homeowner's broad peril policy for property damage excludes damage from "continuous or repeated seepage or leakage" from the plumbing system, the insurer cannot be made liable for such leakage damage on the theory that the efficient proximate cause of the leakage was a sudden break in the pipe, an included peril.

Eileen Finn, as executrix of the will of her mother, Mary Finn, sued Continental Insurance Company for breach of contract and bad faith, arising from defendant's failure to pay a claim on Mary Finn's homeowner's policy. The superior court granted defendant's motion for summary judgment. We affirm.

■ On appeal from a grant of summary judgment, the question before us is whether the record establishes that there are no triable issues of fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)

Mary Finn's homeowner's insurance policy for property damage was of the "broad perils" or "all risks" variety; it covered loss or damage from any cause which was not expressly excluded. The policy's exclusion (j) stated in part: "Continuous or Repeated Seepage or Leakage. We do not cover loss to a building caused by continuous or repeated seepage or leakage of water or steam which occurs over a period of weeks, months or years from within a plumbing . . . system . . . ."

Mary Finn discovered that leaking water from a broken sewer pipe had damaged her foundation and resulted in settling, and made a claim on her policy. Defendant submitted declarations from the plumber who discovered the broken pipe, an engineer who inspected the damaged home and a contractor who bid on the repairs, as well as the deposition testimony of the contractor who made the repairs. All stated that the leakage from the broken pipe, and the resulting damage, had occurred over a period estimated as from six months to several years. Plaintiff submitted no evidence disputing the fact that the sewer pipe had leaked for months or years.

Plaintiff contends that the grant of summary judgment for defendant was erroneous because a triable issue of fact remains as to whether the break in the pipe occurred suddenly or through gradual wear. She argues that a sudden break is a covered peril and that such a sudden break was the efficient proximate cause of the leakage here, rendering all the damage covered under the rule of *Sabella* v. *Wisler* (1963) 59 Cal.2d 21, 31-32 [27 Cal.Rptr. 689, 377 P.2d 889].

In *Sabella* negligent construction of a sewer line led to its rupture, which in turn resulted in settling of the plaintiff's house in the uncompacted fill on which it stood. Settling was excluded from the plaintiff's broad peril policy, but negligent construction of the sewer was not. (59 Cal.2d at p. 26.) The Supreme Court held the loss was covered because the faulty pipe was its "efficient proximate cause." Quoting from a treatise, the court stated, " '[I]n determining whether a loss is within an exception in a policy, where there is

a concurrence of different causes, the efficient cause—the one that sets others in motion—is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster.' " (*Id.*, at pp. 31-32.) Recently the Supreme Court reaffirmed the *Sabella* analysis, while holding that the "efficient proximate cause" is the "predominating" cause, not necessarily the "triggering" cause. (*Garvey* v. *State Farm Fire & Casualty Co.* (1989) 48 Cal.3d 395, 403-404 [257 Cal.Rptr. 292, 770 P.2d 704].)

Plaintiff argues that the break in the pipe was the efficient predominating cause, the leakage merely an immediate one. That argument is premised on viewing the leakage and the break as two conceptually distinct events, linked only causally. But "leakage" and "seepage" necessarily imply some break or gap in the thing leaking. Thus the verb "leak" is defined, "to enter or escape through a hole, crevice, or other opening usu. by a fault or mistake." (Webster's New Internat. Dict. (3d ed. 1961) p. 1285.) "Seep" means "to flow or pass slowly through fine pores or small openings." (*Op. cit. supra*, at p. 2056.)

The *Sabella* analysis has no application here because leakage and broken pipes are not two distinct or separate perils. In *Sabella,* and in the cases applying it, the two perils were conceptually distinct: that is, they could each, under some circumstances, have occurred independently of the other and caused damage. (See, e.g., *Sauer* v. *General Ins. Co.* (1964) 225 Cal.App.2d 275, 278 [37 Cal.Rptr. 303] [leakage of water from plumbing system (covered peril) and sinking of earth (excluded peril)]; *Premier Ins. Co.* v. *Welch* (1983) 140 Cal.App.3d 720, 725 [189 Cal.Rptr. 657] [negligent installation of sewer (covered peril) and saturation of earth in heavy rain (excluded peril)].) In the present case there are not two conceptually distinct perils. Leakage or seepage cannot occur without a rupture or incomplete joining of the pipes. This case involved not multiple causes but only one, a leaking pipe.

We interpret an insurance policy according to the ordinary, plain meaning of its terms and so as to give effect to the reasonable expectations of the insured. (*Farmers Ins. Exchange* v. *Galvin* (1985) 170 Cal.App.3d 1018, 1021 [216 Cal.Rptr. 844].) The exclusion at issue plainly and unambiguously denies coverage for water leaking, over a long period, from the plumbing system. No reasonable insured would take the policy to mean that damage is nevertheless covered if the leakage is from a sudden break in the pipe. Under plaintiff's theory leakage would only be excluded if it proximately arose from some other excluded peril, such as rust or earthquake. Exclusion (j) would thus be without effect, a result which, again, is

not in accord with the reasonable expectations of either the insured or the insurer.

Because we conclude summary judgment was correctly granted on the ground of the exclusion for leakage or seepage, we need not decide whether any other exclusions would also apply.

The judgment is affirmed.

King, J., and Haning, J., concurred.