[No. G011546. Fourth Dist., Div. Three. Nov. 17, 1992.]

BRIAN CHUCHUA'S JEEP, INC., et al., Plaintiffs and Appellants, v. FARMERS INSURANCE GROUP, Defendant and Respondent.

## Counsel

Peter M. Gwosdof and Terry L. Kelly for Plaintiffs and Appellants.

Hollins, Schechter & Feinstein, Andrew S. Hollins and Janice Rourke Hugener for Defendant and Respondent.

## Opinion

WALLIN, J.—Brian Chuchua's Jeep, Inc., and its shareholders, Brian and Kerstin Chuchua (Chuchua), filed an action against Farmers Insurance Group[1] seeking coverage of cleanup expenses resulting from a leaking underground gasoline storage tank that had been damaged in an earthquake. Although the policy included earthquake coverage, the court found the pollution exclusion endorsement precluded coverage of the cleanup expenses and entered judgment for Farmers. Chuchua appeals. We reverse.

In 1984 Chuchua purchased business premises insurance, including earthquake coverage, from Farmers to cover its automobile dealership located in Placentia. In 1986 the policy was endorsed to add an absolute pollution exclusion.[2] In October 1987 an earthquake centered in Whittier occurred, causing plate glass damage to Chuchua's premises.

---

[1] The correct name of the defendant is Truck Insurance Exchange.

[2] The pollution exclusion provides: "This policy does not apply to Personal Injury or Property Damage arising out of the discharge, dispersal, release, escape of [sic] seepage of oil, petroleum substances or derivatives (including any oil refuse or oil mixed with wastes), smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste material or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse, body of water, bog, marsh, swamp or wetland, whether or not such discharge, dispersal, release or escape is sudden and accidental, or gradual and accidental."

In 1988 Chuchua tested its underground gasoline storage tank, which had been installed in 1974, and discovered it was leaking. The tank was removed and a crack was discovered. Chuchua replaced the tank and was required to engage in extensive and expensive toxic waste cleanup activities. After having the tank tested, Chuchua determined the crack was caused by the recent earthquake. It filed a claim for the tank and the damages caused by the leakage, but Farmers denied the claim on the ground that the cleanup costs were not covered due to the pollution exclusion.

Chuchua filed an action against Farmers for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. The matter was bifurcated for trial; in the first phase a jury determined that the exclusion had been properly made a part of the policy. At the second phase the court determined if the crack and leak were caused by an earthquake, the damage to the tank and the surrounding land would be covered by the policy unless coverage was barred by an exclusion. Chuchua conceded, however, that its previous settlement with the manufacturer of the tank would cover any damage to the tank itself. ■ Thus, by agreement the parties submitted the following question to the court: "With respect to the clean-up expenses, and assuming that the earthquake was the efficient proximate cause of the damage to the tank, do the pollution exclusions preclude coverage for such expenses?"[3] After briefing and oral argument, the court found the pollution exclusion precluded coverage and entered judgment in favor of Farmers on all causes of action.

Chuchua argues that if the earthquake was the proximate cause of the cracking and subsequent leaking, then damages caused by the leaking cannot be excluded from coverage because Chuchua specifically purchased insurance against the risk of earthquake. It cites *State Farm Fire & Casualty Co. v. Von Der Lieth* (1991) 54 Cal.3d 1123 [2 Cal.Rptr.2d 183, 820 P.2d 285] for the rule: "When a loss is caused by a combination of a covered and specifically excluded risks, the loss is covered if the covered risk was the efficient proximate cause of the loss. . . . [T]he loss is not covered if the covered risk was only a remote cause of the loss, or the excluded risk was the efficient proximate, or predominate cause." (*Id.* at pp. 1131-1132.)

The trial court, however, analyzed the problem differently. It stated: "The choice is not between two potential causes of the loss: earthquake vs.

---

[3]Chuchua asserts the parties agreed that the earthquake was the efficient proximate cause of the damage to the tank. The record is clear, however, that they merely stipulated to the assumption for convenience in determining the legal question of coverage, leaving the factual question of causation to be determined later if coverage was found.

pollution. Rather, the question is: as a result of the single cause (earthquake) are certain types of damages covered?" Because cleanup expenses were clearly excluded damages, the court ruled that the loss was not covered and the previous jury verdict resulted in judgment for Farmers.

Contrary to the trial court, we think this is a case of multiple causation to which the efficient proximate cause analysis applies. That analysis originated in *Sabella* v. *Wisler* (1963) 59 Cal.2d 21 [27 Cal.Rptr. 689, 377 P.2d 889], which involved a house built on inadequately compacted fill. A sewer line cracked due to either the negligent connection of its joints or the settling of the negligently compacted fill, leaking water into the surrounding land and causing the house to settle unevenly. The homeowners' insurance policy excluded damages caused by settling. The Supreme Court found although the house was clearly damaged by settling, the efficient proximate cause of the loss was not the settling but the broken sewer attributable to the negligence of a third party, a covered risk. "[T]he findings of the court below indicate that the broken sewer line emptied waste water into the loose fill, setting in motion the forces tending toward settlement." (*Id.* at p. 31.) Quoting 6 Couch on Insurance (1930) section 1466, the court explained when there is a concurrence of different causes, the efficient cause—the one that sets others in motion—is the cause to which the loss is to be attributed, although other causes may follow it and operate more immediately in producing the disaster. The absence of subsidence damage in the preceding years since the house was built clearly indicated that the broken pipe was the predominating or moving efficient cause of the loss. (59 Cal.2d at pp. 31-32.)

The *Sabella* proximate cause analysis has been followed consistently "whenever there exists a causal or dependent relationship between covered and excluded perils." (*Garvey* v. *State Farm Fire & Casualty Co.* (1989) 48 Cal.3d 395, 404 [257 Cal.Rptr. 292, 770 P.2d 704] [negligent construction (covered); earth movement (excluded)]. See also *Sauer* v. *General Ins. Co.* (1964) 225 Cal.App.2d 275 [37 Cal.Rptr. 303] [plumbing leakage (covered); earth movement (excluded)]; *Gillis* v. *Sun Ins. Office, Ltd.* (1965) 238 Cal.App.2d 408 [47 Cal.Rptr. 868, 25 A.L.R.3d 564] [windstorm (covered); water (excluded)]; *Premier Ins. Co.* v. *Welch* (1983) 140 Cal.App.3d 720 [189 Cal.Rptr. 657] [landslide caused by negligently damaged drain (covered); heavy rainfall (excluded)]; *Howell* v. *State Farm Fire & Casualty Co.* (1990) 218 Cal.App.3d 1446 [267 Cal.Rptr. 708] [fire (covered); earth movement and water damage (excluded)]; *State Farm Fire & Casualty Co.* v. *Von Der Lieth, supra,* 54 Cal.3d 1123 [third party negligence (covered); earth movement and natural groundwater (excluded)].)

Farmers argues, however, that this case does not involve two distinct perils and thus the *Sabella* analysis does not apply. Citing *Finn* v. *Continental Ins. Co.* (1990) 218 Cal.App.3d 69 [267 Cal.Rptr. 22], Farmers asserts the leaking fuel storage tank was the only cause of the harm.

*Finn* involved a summary judgment against a homeowner who had made a claim for foundation damage caused by a leak from a broken sewer pipe. Uncontradicted evidence established the leakage had occurred over a period from six months to several years. Although the insurance policy excluded damage from continuous or repeated seepage or leakage from the plumbing system, the homeowner contended a sudden break in the pipe was a covered peril and if such a sudden break was the efficient proximate cause of the leakage, all the damage would be covered under the *Sabella* rule. The court stated: "The *Sabella* analysis has no application here because leakage and broken pipes are not two distinct or separate perils. In *Sabella*, and in the cases applying it, the two perils were conceptually distinct: that is, they could each, under some circumstances, have occurred independently of the other and caused damage. [Citations.] In the present case there are not two conceptually distinct perils. Leakage or seepage cannot occur without a rupture or incomplete joining of the pipes. This case involved not multiple causes but only one, a leaking pipe." (*Finn* v. *Continental Ins. Co.*, *supra*, 218 Cal.App.3d at p. 72.)

Unlike *Finn*, the case before us involves two causes: the earthquake and the leaking tank. The risk of earthquake was insured against, and the risk of leaking pollutants was not. If the trier of fact determines the earthquake was the efficient proximate cause of the leakage, the cleanup expenses will be covered. (*State Farm Fire & Casualty Co.* v. *Von Der Lieth*, *supra*, 54 Cal.3d at p. 1131.)

The judgment is reversed, and the matter is remanded to the trial court for further proceedings.

Crosby, Acting P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied December 17, 1992, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied March 18, 1993. Panelli, J., was of the opinion that the petition should be granted.