9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ALLAN S. GHITTERMAN and SUSAN ROSE, Plaintiffs-Appellants,
v.
CHUBB GROUP OF INSURANCE COMPANIES and FEDERAL INSURANCE
COMPANY, Defendants-Appellee.
FEDERAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
ALLAN GHITTERMAN and SUSAN ROSE, Defendants-Appellants.
 Nos. 92-55680, 92-55681.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Nov. 4, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants Allan Ghitterman and Susan Rose own a house in Santa Barbara, California insured under an all risk insurance policy issued by appellee Federal Insurance Company (Federal). In October, 1990, appellants noticed damage in the house including cracks and openings in the walls and difficulty closing doors. Appellants attribute the damage to compaction in the substrate soil below the house as the ground water table lowered during the long drought in California. Appellants eventually filed suit alleging coverage and Federal filed a declaratory judgment action. We resolve both actions in this disposition. The district court granted summary judgment for Federal based on policy exclusions for earth movement, ground water pressure, or foundational settlement. We affirm.
 
 
 4
 The parties agree that the policy contains the following terms under Exclusions.
 
 
 5
 On page B-4 of the policy.
 
 Structural Movement
 
 6
 We do not cover any loss caused by the settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs, or ceilings except loss to glass that is part of a building, storm door, or storm window. But we do insure ensuing covered loss unless another exclusion applies.
 
 
 7
 On page B-5 of the policy.
 
 Ground Water
 
 8
 We do not cover any loss caused by water in the ground, or by its pressure, leaking, or seepage. But we do insure ensuing covered loss unless another exclusion applies.
 
 
 9
 On page B-6 of the policy.
 
 Earth Movement
 
 10
 We do not cover any loss caused by earth movement including volcanic eruptions, landslides, mud flows, and the sinking, rising, or shifting of land.
 
 
 11
 United States District Court Judge Dickran Tevrizian, Jr. granted Federal's motion for summary judgment based on the undisputed text of the exclusion clauses in the policy and appellants' reliance on drought as the sole cause of the damage. Judge Tevrizian rejected the argument that drought was a separate peril from the excluded perils of earth movement, ground water pressure, and foundation settlement. This timely appeal followed.
 
 ANALYSIS
 
 12
 I. THE SOLE ISSUE IN THIS CASE IS WHETHER DROUGHT IS AN EXCLUDED PERIL UNDER THIS INSURANCE POLICY
 
 
 13
 A. Standard of Review and California Insurance Law
 
 
 14
 This court reviews a grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We view the evidence in present case in the light most favorable to appellants to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). This court may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 
 15
 Under California insurance law, policy provisions are interpreted according to the ordinary plain meaning of the terms and the interpretation should give effect to the reasonable expectations of the insured. Finn v. Continental Ins. Co., 267 Cal.Rptr. 22, 24 (App.1990). The insurer has the burden of showing that an exclusion to basic coverage applies to the damage. Garvey v. State Farm Fire and Casualty Co., 770 P.2d 704, 710 (Cal.1989). Exclusions from basic coverage are interpreted narrowly while the textual descriptions of the scope of coverage are interpreted broadly in favor of coverage. Id.
 
 B. Discussion
 
 16
 A long line of California cases establishes that the "efficient proximate cause" of damage rather than the "immediate cause" determines exclusion or coverage under an insurance policy. Typically, third-party negligence will start a chain of events that operates through an excluded cause to produce the damage. Because third-party negligence is not an excluded risk in most policies, the courts must determine which cause predominates. In the seminal case in this area, a sewer line under a house ruptured and saturated the improperly compacted substrate soils. Sabella v. Wisler, 377 P.2d 889 (Cal.1963). The house settled causing damage. The policy excluded "loss ... by ... settling, cracking, shrinkage, or expansion of pavements, foundations, walls, floors, or ceilings." Id. at 891-92. Because the broken sewer line was attributed to third-party negligence, a non-excluded peril, the court found coverage. The use of the "efficient proximate cause" analysis to distinguish between non-excluded, third-party negligence and excluded natural causes continues to define the scope of damage policy coverage. State Farm Fire and Casualty Co. v. Von Der Lieth, 820 P.2d 285, 292 (Cal.1991); Garvey v. State Farm Fire and Casualty Co., 770 P.2d 704, 715 (Cal.1989)).
 
 
 17
 The efficient proximate cause analysis has also been applied to situations where harm is caused by two natural events, rather than one natural event and human error. When one of the natural events is explicitly covered by the policy, California courts apply the efficient proximate cause analysis and often uphold a finding of coverage. Brian Chuchua's Jeep, Inc. v. Farmers Ins. Group, 13 Cal.Rptr.2d 444 (App.1992) (earthquake coverage; pollution excluded; earthquake causes underground gas tank to leak; coverage found); Gillis v. Sun Ins. Office Ltd., 47 Cal.Rptr. 868 (App.1965) (coverage for wind damage; exclusion for water damage; wind causes damage then water action completes destruction of dock; coverage found). We believe that this rule comports with the reasonable expectations of the insured. An insured who purchases a policy with specific wind or earthquake coverage should reasonably expect coverage when either wind or an earthquake is the efficient proximate cause of the damage, regardless of other exclusions in the policy.
 
 
 18
 The caselaw is more unsettled when one of the natural events is excluded and the other event is neither excluded, nor included, explicitly in the policy. In a number of cases, California courts have held or indicated in dicta that no coverage exists in these situations. La Bato v. State Farm Fire and Casualty Co., 263 Cal.Rptr. 382, 386 (App.1989) (general damage coverage; water and earth movement exclusions; insured alleges that mudslide was 'caused' by "rain" and change in course of stream; trial court reversed on other grounds, but dicta suggests efficient proximate cause analysis inappropriate); Brodkin v. State Farm Fire and Casualty Co., 265 Cal.Rptr. 710 (App.1989) (general damage coverage; deterioration and contamination exclusions; insured alleges deterioration caused by corrosive acidity of soil due to cow urine; no coverage); but see, Howell v. State Farm Fire and Cas. Co., 267 Cal.Rptr. 708 (App.1990). We believe that this situation is clarified by the application of the reasonable expectations of the insured under California law. An insured should reasonably expect that water and earth movement exclusions would apply when natural forces such as rain operate in the usual or expected ways. The fact that the winter rains were unusually heavy in La Bato did not change the usual or expected effects of natural rainfall; for example, mudslides.
 
 
 19
 In the present case, the earth movement, the change in ground water pressure, and the foundation settlement were caused by a chain of natural forces or events operating in the expected way. A reasonable insured would understand that a lack or an abundance of rain may cause gradual soil movement and that this natural occurrence is outside the scope of the policy. A reasonable insured would also expect that if an extraordinary or unusual cause, such as third-party negligence or a natural event from which he or she had purchased specific coverage (i.e. earthquake, flood, fire, wind), produced the relevant harm, coverage would exist. It is not reasonable to expect that a specifically excluded harm will be covered simply by renaming the immediately preceding natural force or event. The fact that California had so little rainfall that the word "drought" has attached to the natural phenomenon does not change the expected effect of a lack of rain.
 
 
 20
 The trial court relied on Finn v. Continental Ins. Co., 267 Cal.Rptr. 22 (App.1990) for the proposition that drought and foundation settlement are identical risks. Although this rationale might apply, we conclude that the reasonable expectations of the insured is the better analysis. See also Chadwick v. Fire Ins. Exchange, 21 Cal.Rptr.2d 871, 874 (Cal.Ct.App.1993) (Where "the evidence shows the loss was in fact occasioned by only a single cause, albeit one susceptible to various characterizations, the efficient proximate cause analysis has no application. An insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss.") We conclude that Federal did not breach the implied covenant of good faith and fair dealing because the policy provided no coverage. Love v. Fire Ins. Exchange, 271 Cal.Rptr. 246 (App.1990). Appellants also argue that there was insufficient evidence to support summary judgment because Federal relied on the undisputed facts and the appellants' own evidence. A party may rely upon admissions or the factual information provided by an opponent.
 
 
 21
 The decision of the district court is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3