76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SUBURBAN WATER SYSTEMS, a wholly owned subsidiary of
Southwest Water company, Plaintiff-Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,
Defendant-Appellee.
 No. 94-55811.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1996.
Decided Jan. 31, 1996.
 
 Before: BRIGHT*, SKOPIL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Suburban Water filed this diversity action against its insurance carrier, National Union, seeking a determination of coverage and indemnification for third-party injuries caused by Suburban's negligent release of a pollutant. National refused to defend or indemnify based on policy pollution exclusions. The district court granted National's motion for summary judgment, rejecting Suburban's claim that a covered, concurrent cause of the discharge was Suburban's negligent hiring and supervising of its employees. We agree with the district court, and we affirm.
 
 
 3
 California law governs our interpretation of the insurance policy provisions in this case. See Bell Lavalin Inc. v. Simcoe and Erie General Ins. Co., 61 F.3d 742, 745 (9th Cir.1995). Unfortunately, California courts "have long struggled to enunciate principles that determine whether coverage exists when excluded and covered perils interact to cause a loss." Garvey v. State Farm and Cas. Co., 48 Cal.3d 395, 257 Cal.Rptr. 292, 294-95 (Cal.1989). It is not necessary, however, for us to reconcile the decisional inconsistencies that the parties have so ably demonstrated. The district court in this case concluded that under California law, "[w]hen the two alleged causes of an accident are independent, the exclusion of one cause will not preclude coverage of the other, included cause." The court ruled, however, that because the two alleged causes here were intertwined and dependent, California's multiple causation doctrines do not apply. We agree.
 
 
 4
 In Sabella v. Wisler, 59 Cal.2d 21, 27 Cal.Rptr. 689, 695 (Cal.1963), the California Supreme Court ruled in a first-party property damage action that when "there is a concurrence of different causes, the efficient cause--the one that sets others in motion--is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster." Id. at 695. Assuming that this first-party property causation analysis can apply to a third-party claim, we agree with the district court that Suburban does not prevail. Under Sabella, when a loss is caused by a combination of covered and excluded risks, the loss is covered only if the covered risk was the efficient proximate cause. State Farm Fire & Casualty Co. v. Von Der Lieth, 54 Cal.3d 1123, 2 Cal.Rptr.2d 183, 188-89 (1991); Chadwick v. Fire Ins. Exchange, 17 Cal.App.4th 1112, 21 Cal.Rptr.2d 871, 873-74, review denied (Dec. 1, 1993); Brian Chuchua's Jeep v. Farmers Ins, Co., 10 Cal.App.4th 1579, 13 Cal.Rptr.2d 444, 445 (1992), review denied, (March 18, 1993). This standard requires that there be two or more distinct actions, events, or forces that combine to create damage. See Chadwick, 21 Cal.Rptr.2d at 874. Here, Suburban's hiring of negligent employees and the negligent action taken by those employees are not separable events. "When ... the loss was in fact occasioned by only a single cause, albeit one susceptible to various characterizations, the efficient proximate cause analysis has no application." Id. Thus, "[a]n insured may not avoid a contractual exclusion merely by affixing an additional label or separate characterization to the act or event causing the loss." Id. (negligent construction of residence is not a "cause" sufficient to overcome exclusion for latent defects or cracking); see also Finn v. Continental Ins. Co., 218 Cal.App.3d 69, 267 Cal.Rptr. 22, 24 (1990) (leakage and broken pipes are not conceptually distinct perils).
 
 
 5
 In State Farm Mutual Automobile Insurance Co. v. Partridge, 10 Cal.3d 94, 109 Cal.Rptr. 811 (1973), the California Supreme Court developed a multiple causation theory for third-party claims, ruling that insurance coverage under a general liability policy will be available for a covered risk that contributed to a third-party's injury, regardless of a concurrent, excluded cause. The California courts have limited this concurrent causation doctrine, however, to liability cases "in which true concurrent causes, each originating from an independent act of negligence, simultaneously join together to produce injury." Garvey, 257 Cal.Rptr. at 293. The district court correctly ruled that the two causes here--negligent hiring and negligent performance--were intertwined and dependent, and thus the concurrent causation doctrine does not apply.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable Myron L. Bright, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3