91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GERALD L. RISNER TESTAMENTARY TRUST; Gerald L. Risner, dba
J.R. Industries, Plaintiffs-Appellants,
v.
AMERICAN STATES INSURANCE CO.; Colonia Insurance Co.;
Associated Insurance Management Corp.; American
Economy Insurance Co., Defendants-Appellees.
GERALD L. RISNER TESTAMENTARY TRUST; Gerald L. Risner, dba
J.R. Industries, Plaintiffs-Appellees,
v.
AMERICAN STATES INSURANCE CO.; American Economy Insurance
Co., Defendants-Appellants.
 Nos. 95-55217, 95-55305.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1996.
Decided July 8, 1996.
 
 Before: FLETCHER, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The plaintiff insured appeals the dismissal on summary judgment of its insurance coverage action against the defendant insurers on the basis of pollution exclusion clauses in the policies. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 I. BACKGROUND
 
 3
 The Gerald L. Risner Testamentary Trust, successor in interest to Gerald L. Risner, dba J.R. Industries ("Risner"), owned property at 11019 Jacinto Way in Saticoy, California. On this property was a one-story building divided into twelve units of 800 square feet each. Risner rented Unit 11 of these premises to Benjamin L. Adams, dba Pacific Intermediates ("Adams"). Adams mixed chemicals for pharmaceutical purposes. In Unit 11, Adams stored acetone, chlorosulfonic acid, dimethylamine, methanol, phosgene, pyridine, sodium hydroxide, and sodium tripolyphosphate, chemicals listed as "hazardous substances" by the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9601(14). These chemicals are toxic and pose serious hazards to human health and the environment.
 
 
 4
 The American States Insurance Company ("American States") issued Risner a commercial general liability insurance policy for the relevant period. The Colonia Insurance Company ("Colonia") issued Adams a commercial general liability insurance policy for the relevant period that covered Risner as an additional named insured. Both policies covered bodily injury and property damage caused by the insureds to third parties. Both policies excluded:
 
 
 5
 (1) "bodily injury" or "property damage" arising out of actual, alleged or threatened discharge, dispersal, release or escape of pollutants ... at or from premises you own, rent, or occupy....
 
 
 6
 (2) Any loss, cost, or expense arising out of any governmental direction or request that you test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.
 
 
 7
 In April 1989, a fire broke out in Risner's building. According to the investigator for the Ventura County Fire Department, the fire began in Unit 11 when the electrical components of appliances not approved for the laboratory ignited the flammable vapors released by open chemical containers. The fire caused the release of many of the chemicals stored by Adams in Unit 11. Water from the fire suppression effort and from a broken water main began to carry these chemicals away from the building. In order to prevent these chemicals from contaminating the groundwater, local, state, and federal officials took immediate containment and remediation action that successfully decontaminated Risner's property.
 
 
 8
 In July 1991, the federal Environmental Protection Agency ("EPA") brought a civil action against Risner to recover the costs arising out of this emergency clean-up action. Risner tendered the action to American States and to Colonia, but both companies refused to defend the action. Risner and the EPA later entered a settlement under which Risner agreed to pay $400,464 to the EPA.
 
 
 9
 In September 1993, Risner filed this insurance coverage action against American States and Colonia in federal district court. Jurisdiction rested on diversity of citizenship, 28 U.S.C. § 1332. Risner alleged that its insurers breached their contractual duties to defend Risner from the EPA action and indemnify Risner for the settlement, and that they also breached their covenants of good faith and fair dealing. In January 1995, the court granted summary judgment for the insurance companies on the basis of the pollution exclusion clauses. Risner appeals.[1]
 
 II. DISCUSSION
 
 10
 We review de novo both the grant of summary judgment and specifically the interpretation of the insurance contracts. State Farm Mut. Auto. Ins. Co. v. Davis, 937 F.2d 1415, 1417-18 (9th Cir.1991) (citations omitted). "In this diversity case governed by the substantive law of insurance of California, we are required to 'ascertain from all the available data what the state law is and apply it....' " Insurance Co. of the State of Pennsylvania v. Associated Int'l Ins. Co., 922 F.2d 516, 520 (9th Cir.1990) (quoting West v. American Telephone and Telegraph Co., 311 U.S. 223, 237 (1940)).
 
 
 11
 A California appellate court has cited with approval the characterization of clauses identical to the pollution exclusion clauses in this case as providing "an 'absolute' pollution exclusion" and the denial of clean-up costs under them for oil spills and the like. Titan Corp. v. Aetna Cas. & Sur. Co., 27 Cal.Rptr.2d 476, 479-80, 482-83 (Cal.Ct.App.1994) (citation omitted). Here, the EPA remediated the chemical spill on Risner's property and sued to recover its expenses, and Risner agreed to pay the EPA over $400,000. Under the express terms of these pollution exclusion clauses as interpreted by Titan, the defendants owed Risner neither defense nor indemnity.
 
 
 12
 Risner argues that California's doctrine of "concurrent proximate cause" compels a different result. Under this doctrine, when two independent acts of negligence combine to produce an injury, and one is a covered risk and the other is an excluded risk, the insurer must provide coverage. State Farm Mut. Auto. Ins. Co. v. Partridge, 514 P.2d 123, 129 (Cal.1973); see generally Garvey v. State Farm Fire & Cas. Co., 770 P.2d 704 (Cal.1989). Risner claims that two independent acts of negligence combined to start the fire that produced the chemical release: the faulty storage of the chemicals (an excluded pollution-related cause) and the sparking from faulty appliances (a covered non-pollution-related cause).
 
 
 13
 However, the facts of this case clearly foreclose the application of the concurrent proximate cause doctrine. The pollution spill was what the EPA ordered remediated by government agencies and it was for expenses of the remediation that Risner compensated the EPA. The second pollution exclusion clause squarely bars coverage of "any expense" arising out of "any governmental direction" to clean up pollutants, regardless of what caused the pollution. Partridge and its progeny, which address liability when multiple events cause an injury, are thus simply inapposite.[2]
 
 III. CONCLUSION
 
 14
 The district court correctly held that the pollution exclusion clauses bar Risner's action. Accordingly, the grant of summary judgment for American States and Colonia is
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the grant of summary judgment for the defendants on the basis of the pollution exclusion clauses, we need not consider the argument of American States on cross-appeal that the defendants were also entitled to summary judgment on the basis of the owned-property exclusion clauses
 
 
 [2]
 Risner's reliance on Brian Chuchua's Jeep Inc. v. Farmers Ins. Group, 13 Cal.Rptr.2d 444 (Cal.Ct.App.1992), is misplaced, for the policy in that case contained no exclusion for expenses arising out of pollution remediation ordered by the government. 13 Cal.Rptr. at 444 n. 2