**TENTO INTERNATIONAL, INC.,**
**Plaintiff–Appellant,**

v.

**STATE FARM FIRE AND CASUALTY**
**COMPANY, Defendant–Appellee.**

Tento International, Inc.,
Plaintiff–Appellant,

v.

State Farm Fire and Casualty Company, and Does 1 through 25, Inclusive, Defendants–Appellees.

Nos. 98–56862, 99–55170.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2000

Filed July 13, 2000

---

Kevin D. Kammer, Shafron, Altschuld & Kammer, Encino, California, for the plaintiff-appellant.

Pamela E. Dunn, Robie & Matthai, Los Angeles, California, for the defendant-appellee.

Before: THOMPSON, W. FLETCHER, and FISHER, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Tento International, Inc. ("Tento") appeals the district court's dismissal of its claims against State Farm Fire and Casualty Company ("State Farm"). A third-party contractor making repairs to the roof of Tento's rented business premises neglected to place a temporary covering over an open space in the roof, allowing rain to damage Tento's electronics equipment. State Farm denied coverage under its insurance policy.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

## FACTUAL BACKGROUND

Tento's landlord hired a roofing contractor to make repairs to the roof covering Tento's electronics equipment business. The contractor removed a portion of the roof but failed to install a temporary covering. Almost predictably, rain fell and damaged Tento's electronics equipment.

Tento's insurance policy with State Farm covered accidental direct physical loss unless it was either "limited in the PROPERTY SUBJECT TO LIMITATIONS section" or "excluded in the LOSSES NOT INSURED section." The policy limited its coverage for rain-damaged goods in the PROPERTY SUBJECT TO LIMITATIONS section, stating:

We will not pay for loss:

. . . . .

6. to the interior of any building or structure, or the property inside any building or structure, caused by rain, . . . unless:

a. the building or structure first sustains damage by an insured loss to its roof or walls through which the rain . . . enters. . . .

In the LOSSES NOT INSURED section, later on in the policy, the policy excluded a loss caused by a third party, but

there was an exception to this exclusion if the loss was a "resulting loss." The relevant provisions of the LOSSES NOT INSURED section read:

> 3. We do not insure under any coverage for any loss consisting of one or more of the items below. . . .
>
> a. conduct, acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body whether intentional, wrongful, negligent or without fault.
>
> b. faulty, inadequate, unsound or defective:
>
> (1) planning, zoning, development, surveying, siting;
>
> (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>
> (3) materials used in repair, construction renovation or remodeling; or
>
> (4) maintenance;
>
> of part or all of any property. . . .
>
> But if accidental direct physical loss results from items 3.a. and 3.b., we will pay for that resulting loss unless the resulting loss is itself one of the losses not insured in this section.

Tento filed a claim with State Farm for its rain-damaged property. When State Farm denied coverage, Tento filed suit in California state court. State Farm removed the case to federal district court based on diversity of citizenship.[1] The district court granted State Farm's motion to dismiss, holding, pursuant to the PROPERTY SUBJECT TO LIMITATIONS section of the policy, that the policy clearly excluded coverage for damage caused by rain because the building did not first sustain damage to its roof by an insured loss. Tento appeals.

## DISCUSSION

### I. Efficient Proximate Cause

■ We review de novo a district court's dismissal of a complaint. *See Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir.1994). We construe allegations of material fact in the light most favorable to the plaintiff, affirming a dismissal only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Chandler v. McMinnville Sch. Dist.*, 978 F.2d 524, 527 (9th Cir.1992) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ Tento contends that the district court incorrectly treated the rain instead of the contractor's negligence as the cause of its loss and, as a result, wrongly concluded that its damages fell outside the scope of the insurance policy. We agree. While the rain may have been the most immediate cause of Tento's damages, the more important inquiry involves determining, under California law, the efficient proximate cause of the damage. The efficient proximate cause was the contractor's negligent handling of the roof repair.[2]

The mixture of causes present in this case-rain and the contractor's negligence-parallels the causes in *Allstate Insurance Co. v. Smith*, 929 F.2d 447 (9th Cir.1991), in which a roofer similarly failed to cover exposed premises, allowing rain to damage property within. *See id.* at 449. We held that, "although rain 'operate[d] more immediately in producing the disaster,' it was

---

1. Tento is a California corporation and State Farm is an Illinois corporation. Diversity jurisdiction is therefore appropriate and California law applies. *See Allstate Ins. Co. v. Smith*, 929 F.2d 447, 449 (9th Cir.1991).

2. "For the efficient proximate cause theory to apply, . . . there must be two separate or distinct perils which 'could each, under some circumstances, have occurred independently of the other and caused damage.' " *Pieper v. Commercial Underwriters Ins. Co.*, 59 Cal. App.4th 1008, 1020, 69 Cal.Rptr.2d 551, 557 (1997) (quoting *Finn v. Continental Ins. Co.*, 218 Cal.App.3d 69, 72, 267 Cal.Rptr. 22, 24 (1990)).

the contractor's failure to cover the premises that 'set in motion' the chain of events leading to Smith's losses. The roofer's failure to cover the exposed premises, therefore, was the efficient proximate cause of Smith's losses." [3] *Id.* at 451 (alteration in original) (citation omitted).

In *Allstate*, we relied on the California Supreme Court's opinion in *Sabella v. Wisler*, 59 Cal.2d 21, 27 Cal.Rptr. 689, 377 P.2d 889 (1963), in which that court held that in

> determining whether a loss is within an exception in a policy, where there is a concurrence of different causes, the efficient cause-the one that sets the others in motion-is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster.

*Id.* at 31, 377 P.2d at 895 (internal quotation marks and citation omitted). The California Supreme Court later moved away from this formulation and held that the efficient proximate cause is "the predominating" or "most important cause of the loss." *Garvey v. State Farm Fire & Cas. Co.*, 48 Cal.3d 395, 257 Cal.Rptr. 292, 770 P.2d 704, 708 (1989). Here, the contractor's failure to cover the roof was "the predominating" or "most important cause" of Tento's loss, and thus it was the efficient proximate cause under *Garvey*. Because the contractor's negligence was the efficient proximate cause, Tento's loss would be covered unless excluded under the LOSSES NOT INSURED section of the policy.

II. Losses Not Insured

The contractor's negligence is third-party negligence which, at first glance, seems to preclude coverage under the LOSSES NOT INSURED section of the policy. However, because of inexact wording in

the resulting-loss provision of this section, Tento's loss is not excluded.

█ The resulting-loss provision states that, "if accidental direct physical loss results from items 3.a. and 3.b. [i.e., the contractor's third-party negligence], we will pay for that resulting loss unless the resulting loss is itself one of the losses not insured *in this section.*" (emphasis added). The question becomes whether the resulting loss—damage to Tento's goods by rain—is "one of the losses not insured *in this section.*" (emphasis added). The words "in this section" appear in numbered paragraph 3 of the LOSSES NOT INSURED section of the policy. Logically, then, the words "in this section" refer to the LOSSES NOT INSURED section and that section does not preclude coverage for rain damage.

We recognize it is arguable that the scope of the "in this section" phrase could refer to the entire basic coverage of Section I, which includes the LOSSES INSURED as well as the LOSSES NOT INSURED sections. The LOSSES INSURED section incorporates by reference the earlier PROPERTY SUBJECT TO LIMITATIONS section, and that section includes the rain-damage limitation. Under this reading, the policy would not provide coverage for Tento's rain-damaged goods. We reject this reading, however, because it is illogical, and defies a common-sense reading of the policy. Moreover, we note that when the policy refers to the entire "Section I," it uses an upper case "S" to signal this broader reference.

█ Arguing against our reading of the policy, State Farm relies on what it contends is a similarly written resulting-loss provision in *Brodkin v. State Farm Fire & Casualty Co.*, 217 Cal.App.3d 210, 265 Cal. Rptr. 710 (1989). The resulting-loss provi-

---

**3.** State Farm relies on *Diep v. California Fair Plan Ass'n,* 15 Cal.App.4th 1205, 19 Cal. Rptr.2d 591 (1993), a California state case decided several years after our court's decision in the *Allstate* case. However, *Diep* did not address the issue of efficient proximate

cause. Rather, *Diep* held merely that temporary plastic sheeting is not a roof within the meaning of a rain-damage provision similar to the one in this case. *See id.* at 1206, 19 Cal.Rptr.2d at 594.

sion in *Brodkin,* however, referred to more extensive exclusion and limitation sections of that policy. Although the *Brodkin* policy was similar to the policy in this case, there was also an important difference in the capitalization of policy language that affected the resulting-loss provision. Specifically, the policy in *Brodkin* used the phrase "in this section," *id.* at 217–18, 265 Cal.Rptr. at 714 (emphasis added), which incorporated more restrictions than the "in this section" reference in Tento's policy. *See also Waldsmith v. State Farm Fire & Cas. Co.,* 232 Cal.App.3d 693, 695–96, 283 Cal.Rptr. 607, 608 (1991). Finally, the crucial language of the policy in this case is different from the language in *Brodkin* and is at least ambiguous; and ambiguities in insurance policies are resolved in favor of the insured. *See Price v. Zim Israel Navigation Co.,* 616 F.2d 422, 426 (9th Cir.1980); *Producers Dairy Delivery Co. v. Sentry Ins. Co.,* 41 Cal.3d 903, 912–13, 226 Cal.Rptr. 558, 563, 718 P.2d 920, 925 (1986).

We conclude that Tento's loss is covered by the State Farm policy. Accordingly, we reverse the district court's dismissal of Tento's complaint, and remand this action to the district court for further proceedings. However, with regard to Tento's claim predicated on what it alleges to have been the negligent handling of its insurance claim, we note the unlikely viability of that claim because, in California, "negligence is not among the theories of recovery generally available against insurers." *Sanchez v. Lindsey Morden Claims Servs., Inc.,* 72 Cal.App.4th 249, 254, 84 Cal. Rptr.2d 799, 802 (1999); *see also Aceves v. Allstate Ins. Co.,* 68 F.3d 1160, 1166 (9th Cir.1995) ("In California, mere negligence is not enough to constitute unreasonable behavior for the purpose of establishing a breach of the implied covenant.").

REVERSED and REMANDED for further proceedings.