FACTORY MUTUAL INSURANCE COMPANY, AS SUCCESSOR IN INTEREST TO ARKWRIGHT MUTUAL INSURANCE COMPANY;, Plaintiff-counter-defendant—Appellee,

Clinton R. Churchill; David A. Heenan; Richard W. Gushmann, II; Ronald J. Zlatoper, Trustees Under the Will and the Estate of James Campbell, Deceased, Acting in Their Fiduciary and not Individual Capacities, Counter-claimants—Appellants,

v.

ESTATE OF JAMES CAMPBELL, Defendant—Appellant.

No. 02–55659.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided Nov. 20, 2003.

Scott G. Johnson, Esq., Robins, Kaplan, Miller & Ciresi LLP, Santa Ana, CA, for Plaintiff–Counter–Defendant–Appellee.

Robert A. Zeavin, Esq., Arthur Friedman, Steefel, Levitt and Weiss, San Francisco, CA, for Counter–Claimant–Appellants/Defendant–Appellant.

Laura A. Foggan, Esq., Wiley, Rein & Fielding, Washington, DC, for Amicus.

Before: BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

---

MEMORANDUM *

The Estate of James Campbell ("the Estate") appeals the district court's order granting Factory Mutual Insurance Company's ("Factory Mutual") motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, *see Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), we affirm.

It is undisputed that the Estate owned a commercial property in Southern California, the Market on the Lake ("the Market"). It is also undisputed that the Estate was aware in the mid–1980s that water leaks could be expected throughout the complex because of construction defects. There is no dispute that the Market suffered yearly bouts of water damage attributable to rain water leaking into the complex from the time the Estate purchased the property until Factory Mutual's policy covering the Market went into effect in 1995. It is also undisputed that rain water damage continued to arise episodically during the period Factory Mutual's policy was in effect.

Considering the facts in the light most favorable to the Estate, hazardous mold began growing in the Market following heavy rains during the winter of 1997/1998. Hazardous mold in buildings is caused by water intrusion. The only dispute before the district court was whether El Niño rains or construction defects were the proximate cause of the hazardous mold.[1] The district court correctly determined that the proximate cause of the hazardous mold was the construction defects throughout the Market.

In California, when two independent "perils" or causes interact to create an insurance loss, insurance coverage is determined by looking at the proximate cause of the loss. *See Garvey v. State Farm Fire & Cas. Co.*, 48 Cal.3d 395, 401–04, 257 Cal.Rptr. 292, 770 P.2d 704 (1989). The predominant cause of loss is considered the proximate cause. *See id.* Although the issue of proximate cause is generally a question of fact, *see State Farm Fire & Cas. Co. v. Von Der Lieth*, 54 Cal.3d 1123, 1131–32, 2 Cal.Rptr.2d 183, 820 P.2d 285 (1991), when the facts on appeal are undisputed the question is one of law. *See Berry v. Commercial Union Ins. Co.*, 87 F.3d 387, 391 n. 8 (9th Cir. 1996); *see also Sabella v. Wisler*, 59 Cal.2d 21, 32, 27 Cal.Rptr. 689, 377 P.2d 889 (1963).

Because the history of chronic rain water damage at the Market is undisputed, as is the role of construction defects in allowing the rain water to penetrate the buildings at the Market, the proximate cause question is one of law. We conclude that the district court properly treated the long-standing construction defects as the proximate cause of the Estate's loss. *See, e.g., Tento Int'l, Inc. v. State Farm Fire & Cas. Co.*, 222 F.3d 660, 662–63 (9th Cir. 2000); *Allstate Ins. Co. v. Smith*, 929 F.2d 447, 451 (9th Cir.1991); *Sabella*, 59 Cal.2d at 31–32, 27 Cal.Rptr. 689, 377 P.2d 889. Even if proximate cause could be treated as a factual question in this case, no ration-

---

1. On appeal, the Estate asserts for the first time that day-to-day operations or plumbing leaks at the Market might have caused some of the mold. Absent exceptional circumstances we will not consider an argument that was not made to the district court. *See Bankamerica Pension Plan v. McMath*, 206 F.3d 821, 825–26 (9th Cir.2000); *International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir.1985). We find no exceptional circumstances here. We therefore restrict our analysis to the proximate cause question presented to the district court.

al trier of fact could conclude that anything other than the construction defects served as the predominant cause of the water intrusion during the 1997/1998 winter.

It is undisputed that the Estate was aware of substantial water damage from construction defects at the Market well before Factory Mutual's insurance policy went into effect. Factory Mutual is not responsible for "any potential claim relating to the previously discovered and manifested loss" from construction defects under California's "loss-in-progress" rule. *See Prudential–LMI Commercial Ins. v. Superior Court,* 51 Cal.3d 674, 699, 274 Cal.Rptr. 387, 798 P.2d 1230 (1990).

All losses stemming from the same cause relate to a previously discovered and manifested loss are included within the "loss-in-progress" rule. *See Home Ins. Co. v. Landmark Ins. Co.,* 205 Cal.App.3d 1388, 1393, 253 Cal.Rptr. 277 (1988); *Snapp v. State Farm Fire & Cas. Co.,* 206 Cal.App.2d 827, 833–34, 24 Cal.Rptr. 44 (1962); *see also Fireman's Fund Ins. Co. v. Aetna Cas. & Surety Co.,* 223 Cal. App.3d 1621, 1625–30, 273 Cal.Rptr. 431 (1990), *overruled on other grounds by Montrose Chemical Corp. v. Admiral Ins. Co.,* 10 Cal.4th 645, 684, 42 Cal.Rptr.2d 324, 913 P.2d 878 (1995). It is undisputed that rain water leaking through construction defects caused the growth of hazardous mold. As the Market's construction defects were the proximate cause of the pre–1995 water intrusion damage and the water intrusion damage that caused the hazardous mold growth, the hazardous mold growth represented a "loss-in-prog-

ress" at the time Factory Mutual's policy covering the Market went into effect.

The judgment is AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.