CONTINENTAL CASUALTY COMPANY, an Illinois corporation, Plaintiff-counter-defendant—Appellee,

v.

LANDMARK HOTELS, LLC, a California limited liability company, Defendant-counter-claimant—Appellant.

No. 04–56427.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2006.

Decided June 15, 2006.

Annabelle M. Harris, Larry M. Arnold, Esq., Cummins & White LLP, Newport Beach, CA, Russell E. Yates, Esq., Yates & Leal, Denver, CO, for Plaintiff–counter–defendant–Appellee.

J. Peter Gyben, Esq., Law Offices of J. Peter Gyben, Irvine, CA, for Defendant–counter–claimant–Appellant.

Before: KOZINSKI and GOULD, Circuit Judges, and MARTINEZ,* District Judge.

## MEMORANDUM **

1. *Acme Galvanizing Co. v. Fireman's Fund Insurance Co.*, 221 Cal.App.3d 170, 270 Cal.Rptr. 405, 410–11 (1990), construed a resulting-loss provision materially indistinguishable from the one at issue here. (The policy in *Acme* construed the words "ensuing loss," but the term operated precisely like the resulting-loss provision here.) According to *Acme*, a loss falls within the resulting-loss exception to the policy exclusions only if an excluded cause of loss resulted in a separate peril (such as a fire) that itself is covered by the policy, and this secondary peril caused a loss. *Id.* at 411. Here, the excluded peril (contractor negligence) did not cause the rain. Rather, the contractor's negligence merely permitted the rain to enter the building, causing the loss for which the insured seeks coverage. Where negligence allows forces of nature to cause damage, the negligence is the "efficient proximate cause of the damage." *Tento Int'l. Inc. v. State Farm Fire & Cas. Co.*, 222 F.3d 660, 662 (9th Cir.2000).

*Tento's* separate discussion of the policy exclusions did not interpret the resulting-loss provision. *Id.* at 663–64. The district court did not err in holding that the policy here did not cover rain damage resulting from contractor negligence.

2. Because the policy affords Landmark no coverage, we need not decide whether the district court erred in apportioning business interruption losses.

**AFFIRMED.**

---

* The Honorable Ricardo S. Martinez, District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.